The STATE of Ohio, Appellant,

v.

GODFREY, Appellee.

[Cite as State v. Godfrey, 181 Ohio App.3d 75, 2009-Ohio-547.]

Court of Appeals of Ohio,
Third District, Mercer County.

No. 10–08–08.

Decided Feb. 9, 2009.

76

Matthew K. Fox, for appellant.

James A. Tesno, for appellee.

SHAW, Judge.

{¶ 1} Appellant, the state of Ohio, appeals from the August 13, 2008 judgment entry of the Mercer County Court of Common Pleas finding that the defendant-appellee, Jamison Godfrey, established a particularized need for the release of certain information from grand jury proceedings.

{¶ 2} On May 15, 2008, Godfrey was indicted on one count of murder in violation of R.C. 2903.02(A), punishable as provided in R.C. 2929.02; one count of murder in violation of R.C. 2903.02(B), punishable as provided in R.C. 2929.02; one count of involuntary manslaughter in violation of R.C. 2903.04(A), a felony of the first degree; one count of involuntary manslaughter in violation of R.C. 2903.04(B), a felony of the third degree; one count of reckless homicide in violation of R.C. 2903.041(A)(1), a felony of the third degree; one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree; one count of assault in violation of R.C. 2903.13(A), a misdemeanor of the first degree; one count of assault, in violation of R.C. 2903.13(B), a misdemeanor of the first degree; and one count of domestic violence in violation of R.C. 2919.25(A), a felony of the fourth degree. On May 29, 2008, Godfrey pleaded not guilty to all the charges.

{¶ 3} These charges stem from an altercation that occurred between Godfrey and his live-in girlfriend, J.R. At the time of the altercation, J.R. was ten weeks pregnant. Allegedly, Godfrey choked and punched J.R., resulting in the termination of her pregnancy.

{¶ 4} In addition to other motions, on June 6, 2008, Godfrey filed a motion for a transcript of the grand jury proceedings, arguing that he needed a copy of the

transcript to investigate possible witness inconsistencies and undisclosed medical evidence. The state responded to Godfrey's motion for a transcript of the grand jury proceedings on July 23, 2008. Godfrey filed a response on July 31, 2008. On August 13, 2008, the trial court issued a judgment entry granting Godfrey's motion for a transcript of the grand jury proceedings as follows:

{¶ 5} In granting Godfrey's motion, the trial court reasoned:

The court finds that based upon the allegations contained in the motion, the defendant has established a particularized need for a transcript of certain of the grand jury proceedings, specifically for the reason that the State of Ohio has not demonstrated to defendant what medical evidence it intends to submit to establish that the defendant caused the death of a fetus. Further, defendant has represented that the mother of the fetus [J.R.], allegedly recanted her grand jury testimony, and therefore, said grand jury testimony is crucial to the defendant to present a defense to the charge.

Based upon the foregoing, the Mercer County Prosecutor shall direct the official court reporter who recorded the grand jury testimony that gave rise to the grand jury's issuance of an indictment in this cause to transcribe and deliver to defendant through counsel the transcript of the testimony of any witness whose testimony related to the cause of death of the fetus of [J.R.], including but not limited to the testimony of [J.R.] and thereafter certify to the court that he has complied with this order.

{¶ 6} The state now appeals, asserting two assignments of error.

### ASSIGNMENT OF ERROR I

The trial court abused its discretion when it concluded the defendant establish [sic] a particularized need for protected grand jury transcripts based solely upon speculation.

### ASSIGNMENT OF ERROR II

The trial court abused its discretion when it failed to conduct an in camera inspection.

{¶ 7} For ease of discussion, we will address the state's assignments of error together. As an initial matter, we recognize that the trial court relied on two distinct rationales for providing Godfrey with a copy of the transcript of the grand jury proceedings: (1) to allow Godfrey to review any alleged inconsistencies between J.R.'s current version of events, her grand jury testimony, and her prior statement to law enforcement and (2) to allow Godfrey access to medical information that his counsel surmises must be part of the grand jury testimony

but that he has not received in discovery. These distinct rationales will be discussed separately.

*Release of Grand Jury Testimony Generally*

{¶ 8} Disclosure of grand jury testimony, other than that of the defendant and co-defendant, is controlled by Crim.R. 6(E). *State v. Greer* (1981), 66 Ohio St.2d 139, 20 O.O.3d 157, 420 N.E.2d 982, paragraph one of the syllabus. Crim. R. 6(E) provides as follows:

Deliberations of the grand jury and the vote of any grand juror shall not be disclosed. Disclosure of other matters occurring before the grand jury may be made to the prosecuting attorney for use in the performance of his duties. A grand juror, prosecuting attorney, interpreter, stenographer, operator of a recording device, or typist who transcribes recorded testimony, may disclose matters occurring before the grand jury, other than the deliberations of a grand jury or the vote of a grand juror, but may disclose such matters only when so directed by the court preliminary to or in connection with a judicial proceeding, or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury.

{¶ 9} In Ohio, the long-standing tradition of grand jury secrecy is well pronounced in case law. *Greer*, 66 Ohio St.2d at 146, 20 O.O.3d 157, 420 N.E.2d 982. Typically, "[g]rand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy." *Greer*, 66 Ohio St.2d 139, 20 O.O.3d 157, 420 N.E.2d 982, paragraph two of the syllabus, citing and approving *State v. Patterson* (1971), 28 Ohio St.2d 181, 57 O.O.2d 422, 277 N.E.2d 201. See also *State v. CECOS Internatl. Inc.* (1988), 38 Ohio St.3d 120, 526 N.E.2d 807.

{¶ 10} To demonstrate a particularized need for the disclosure of grand jury testimony, a defendant must show whether "it is probable that the failure to disclose the testimony will deprive the defendant of a fair adjudication of the allegations placed in issue by the witness' trial testimony." *Greer*, 66 Ohio St.2d 139, 20 O.O.3d 157, 420 N.E.2d 982, paragraph three of the syllabus.

{¶ 11} Additionally, this court has previously held that "[a] particularized need is one in which the grand jury transcript is necessary to impeach a witness, refresh his recollection, or to test his credibility and these purposes outweigh the continued need for secrecy." *State v. Spears*, 3d Dist. No. 1–01–93, 2002-Ohio-6621, 2002 WL 31719357, at ¶ 22.

{¶ 12} In *Greer*, the Ohio Supreme Court concluded that the release of grand jury transcripts was within the sound discretion of the trial court. *Greer*, 66 Ohio St.2d 139, 20 O.O.3d 157, 420 N.E.2d 982, at paragraph one of the syllabus. Accordingly, we will not reverse the judgment of the trial court regarding the release of grand jury transcripts, absent an abuse of discretion. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

### Inconsistent Witness Testimony

{¶ 13} Godfrey argues that he is entitled to a transcript of J.R.'s testimony before the grand jury to determine if her testimony is inconsistent with her current version of events or inconsistent with her prior statements to law enforcement.

{¶ 14} In his motion, Godfrey stated the following as demonstrating a particularized need for the transcripts:

> Counsel is of the belief that the complaining witness, [J.R.], recanted in her Grand Jury testimony the statement she made to police officers at the start of this matter. Counsel is of the belief that this was under oath before the Grand Jury. This testimony is crucial to the defense. Further, the Defendant questions if there was other exculpatory evidence given to the Grand Jury that was not provided to the Defendant.

{¶ 15} The release of grand jury testimony requires a showing of a particularized need, which cannot be established on the basis of speculative pretrial allegations of potentially inconsistent testimony. See *State v. CECOS Internatl. Inc.*, 38 Ohio St.3d 120, 526 N.E.2d 807. The Ohio Supreme Court has held that the determination of prejudice "can be made only after the witness testified at trial, and, generally, cannot be used by an accused for ascertaining the evidence of the prosecution for the purpose of trial preparation." *State v. Laskey* (1970), 21 Ohio St.2d 187, 191, 50 O.O.2d 432, 257 N.E.2d 65, vacated in part on other grounds (1972), 408 U.S. 936, 92 S.Ct. 2861, 33 L.Ed.2d 753. See also *State v. Coley* (2001), 93 Ohio St.3d 253, 754 N.E.2d 1129.

{¶ 16} Trial has not yet commenced in the present case. In sum, we do not believe a particularized need can be established for the pretrial release of grand jury testimony of a witness based upon "anticipated" inconsistencies with trial testimony that has not yet taken place—or based upon undisclosed inconsistencies with prior statements allegedly made by the witness to law enforcement. Therefore, we find that Godfrey is not presently entitled to J.R.'s grand jury testimony.

{¶ 17} We note, however, that our ruling on this issue is confined to the trial court's ruling on Godfrey's *pretrial* motion for a grand jury transcript. Should Godfrey demonstrate a particularized need for access to the transcripts of the grand jury proceedings to obtain impeaching testimony after J.R. testifies at trial, the trial court is required to conduct an in camera review to determine whether material inconsistencies exist. Accordingly, Godfrey is not prejudiced by a pretrial denial of his request.

{¶ 18} Specifically, we note that "[i]n a criminal case, the defendant has a right to an in camera inspection by the trial court, with counsel for the state and the defendant, to determine the existence of inconsistencies between the testimony of the prosecution's witnesses and their prior statements." *State v. White* (1968), 15 Ohio St.2d 146, 44 O.O.2d 132, 239 N.E.2d 65, at paragraph four of the syllabus.

{¶ 19} The *Greer* court explains the process in the following terms:

Coming now to the application of the appropriate rule here, we hold that Crim.R. 6(E) would require the trial court, upon proper motion, to consider the basis of the particularized need advanced by the defendant. This may be accomplished by an in camera inspection of the grand jury minutes by the trial court assisted by counsel. Next, we conclude that there is soundness in the procedure to be followed by the trial court as set forth in *Dennis [v. United States,* 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966)], supra, to the effect that once the particularized need for the grand jury material is shown, the necessity of preserving grand jury secrecy is lessened, largely because the witness, *in testifying at trial,* has given up any anonymity he might have had and has made public the events which are the subject of the grand jury testimony being sought. Under such circumstances, when there is a balancing of the often minimal need to preserve secrecy against the need for the defendant to review certain portions of the grand jury testimony, we conclude that all relevant portions of the transcript should be produced, with the trial court deleting extraneous matters, and issuing protective orders where necessary.

(Emphasis added.) *Greer,* 66 Ohio St.2d at 150–151, 20 O.O.3d 157, 420 N.E.2d 982.

{¶ 20} For these reasons, we find that the trial court erred in ordering the immediate release of J.R.'s grand jury testimony directly to Godfrey, based solely upon defense counsel's representations that the testimony may be inconsistent with a prior undisclosed statement of the witness or that the testimony may be inconsistent with the testimony of the witness at an upcoming trial.

*Discovery of Medical Testimony*

{¶ 21} Godfrey also argues that he is entitled to all grand jury testimony relating to the cause of death of the fetus. Godfrey's motion for grand jury transcripts argues as follows:

The Defendant has been indicted for the murder/homicide of the fetus carried by [J.R.]. A review of the discovery and pleadings to date set forth the apparent theory that the Defendant assaulted [J.R.] on April 27, 2008 causing the death of her fetus. A review of the discovery shows various statements from medical personnel to the effect that the fetus had no detectible heartbeat on April 27, 2008 but they could not state this was the result of an assault.

Obviously, the prosecution was able to obtain an indictment for the charges herein. It must have presented evidence to the Grand Jury as to the cause of death.

In order to prepare the defense of this case, the Defendant needs to know the claimed factual basis of the prosecution claims. The Defendant anticipates the need to obtain expert medical assistance to review the records and provide assistance and advice in preparation for trial. Without knowing what medical claims have been presented in order to obtain an indictment, the Defendant cannot prepare for trial.

When inquiry was made of the Prosecutor's Office, counsel was advised that the Defendant had been provided with all the records the Prosecutor's Office has. When asked about the lack of a medical causation in the records, counsel was advised that it was the purpose of a trial and Motion of Acquittal at the close of the State's case to sort out these issues.

The Defendant should not be forced to go to trial blind. Counsel has been advised that exculpatory evidence was presented in the Grand Jury * * *

{¶ 22} Godfrey's motion is based solely on defense counsel's pretrial assessment of the state's case. Specifically, Godfrey argues that there must be additional evidence in the grand jury transcripts because, in his counsel's opinion, there has been insufficient evidence disclosed by the state in discovery to support an indictment.

{¶ 23} At the outset, we note that the record does not contain any record of exactly what discovery has been furnished by either side in this case. We recognize that this is apparently due to a commendable aspect of collegiality within the local bar that evidently follows an informal and so-called "open file" discovery policy between the state and defense counsel in criminal cases. Nevertheless, because nothing has been filed or otherwise made part of the record in this case, the result is that this court has no ability to independently evaluate either Godfrey's claim or the trial court's apparent finding that the medical

information supplied by the state thus far to Godfrey is not sufficient as a matter of law to establish a cause of death as alleged in the indictment.

{¶ 24} However, even if we were to agree with Godfrey on this point, it is our opinion that his first remedy would be to seek more particular discovery as opposed to the pretrial release of grand jury testimony. The Ohio Supreme Court has specifically rejected the notion that a particularized need is established when a defendant challenges whether the evidence against him was sufficient to support the indictment. See *State v. Brown* (1988), 38 Ohio St.3d 305, 528 N.E.2d 523; *State v. Davis* (1988), 38 Ohio St.3d 361, 365, 528 N.E.2d 925 (claims that indictment was based on "illegal and incompetent evidence" did not establish particularized need); *State v. Mack* (1995), 73 Ohio St.3d 502, 508, 653 N.E.2d 329 (claims that a witness "fabricated his story to conceal his own involvement" were not sufficient).

{¶ 25} Moreover, the *Laskey* court specifically held that grand jury transcripts "can not be used by an accused for ascertaining the evidence of the prosecution for the purpose of trial preparation. It is a discovery device only for the purposes of impeachment upon cross-examination." *Laskey,* 21 Ohio St.2d at 191, 50 O.O.2d 432, 257 N.E.2d 65.

> Generally, proceedings before a grand jury are secret and an accused is not entitled to inspect grand jury minutes before trial for the purpose of preparation or for purposes of discovery in general. This rule is relaxed only when the ends of justice require it, such as when the defense shows that a particularized need exists for the minutes which outweighs the policy of secrecy.

Id.

{¶ 26} Nor does it appear that any of the provisions applicable to the release of grand jury transcripts for the impeachment of a trial witness are applicable for pre-trial discovery-related purposes. On the contrary, the *Laskey* court specifically noted:

> The rule announced in the fourth and fifth paragraphs of the syllabus of *White* is not applicable to appellant's pre-trial motion for production of the ground [sic] jury transcript. The *White* rule contemplates a limited investigation for the purpose of determining whether inconsistencies exist between a witness' prior statements and his testimony at trial. Such investigation can be made only after the witness testified at trial, and, generally, can not be used by an accused for ascertaining the evidence of the prosecution for the purpose of trial preparation. It is a discovery device only for the purposes of impeachment upon cross-examination.
>
> In this case, appellant sought discovery of the grand jury transcript before trial for purposes of preparation. Generally, proceedings before a grand jury are secret and an accused is not entitled to inspect grand jury minutes before

trial for the purpose of preparation or for purposes of discovery in general. This rule is relaxed only when the ends of justice require it, such as when the defense shows that a particularized need exists for the minutes which outweighs the policy of secrecy. *Pittsburgh Plate Glass Co. v. United States* (1959), 360 U.S. 395, 400, 79 S.Ct. 1237, 3 L.Ed.2d 1323.

*Laskey,* 21 Ohio St.2d at 191, 50 O.O.2d 432, 257 N.E.2d 65.

{¶ 27} In fact, we note that there appear to be several such discovery motions in the record that have not been ruled on by the trial court. If the results of the rulings on these motions begin to convince the trial court of the merits of Godfrey's claims or otherwise cast doubt upon the merits of the state's indictment, Godfrey is free to request or move to compel additional discovery. Subpoenas can be requested if the state's witnesses are unwilling to cooperate with Godfrey's preparation of a defense and depositions or other extraordinary disclosure measures within the trial court's discretion might be available.

{¶ 28} In the meantime, Godfrey is not prejudiced, because in the final analysis, he can assert all of his claims at trial in a Crim.R. 29 motion at the conclusion of the state's case. We know of no authority establishing a particularized need for the pretrial release of grand jury testimony in order to prevent a defendant from having to proceed to trial, based solely on defense counsel's professional assessment that the state does not seem to have the evidence to support the indictment.

{¶ 29} In sum, we do not believe that pretrial discovery difficulties (or pretrial discovery evaluations) rise to the level of a particularized need for the release of grand jury testimony. However, even if it could be argued in a given case that the ends of justice require the disclosure of a grand jury transcript to deal with a discovery problem, it is our view that the proper procedure for the release of the grand jury transcripts would still begin with an in camera review of the transcripts as mandated in *Greer,* and not the immediate and unilateral release of all testimony pertaining to the issue as was done in this case.

{¶ 30} Therefore, for all these reasons, we find that pursuant to the rules articulated in *Laskey* and *Brown,* the trial court erred in ordering the pretrial release, directly to Godfrey, of a copy of the grand jury transcripts at issue, based solely on defense counsel's pretrial assessment of the anticipated evidence to be presented by the state at trial.

{¶ 31} Accordingly, the state's first and second assignments of error are sustained. Based on the foregoing, the August 13, 2008 judgment of the Mercer

County Court of Common Pleas is reversed, and the matter is remanded to the trial court for further proceedings according to law.

Judgment reversed
and cause remanded.

PRESTON, P.J., concurs.

ROGERS, J., concurs separately.

ROGERS, Judge, concurring separately.

{¶ 32} I concur in the opinion of the majority. However, the majority appears to lament the fact that discovery was not filed with the court, and therefore, is not a part of the record. I think this is the correct state of affairs. Discovery is controlled pursuant to Crim.R. 16. A requirement that discovery be filed with the court is conspicuously absent from Crim.R. 16.

{¶ 33} I believe the better practice is an exchange of information, with each party maintaining a copy of everything that has been provided to the opposing party in case a question arises as to what has or has not been disclosed. While this procedure may depend to some extent on the credibility of the attorneys responsible for discovery, we should remember that attorneys are officers of the court and are subject to sanctions and disciplinary action if it is determined that they have failed to comply with discovery orders.

{¶ 34} I further believe that requiring discovery to be filed with the clerk would have several negative consequences. First is the voluminous nature of discovery in some cases and the practical problem of storage space, and also transportation to reviewing courts. This in itself should be enough to prohibit the practice.

{¶ 35} However, I believe the greater problem to be the public disclosure of matters and exhibits that may not be admissible at trial. We are all aware that the media will attempt to obtain any information available in most criminal cases, especially in a high profile case. Exposure of some materials may well prejudice a party, unnecessarily expose facts or information about nonparties, possibly endangering them, and could well contaminate the pool of potential jurors to the extent that a change of venue would be required.

{¶ 36} Again, I believe that discovery materials should not be filed with the clerk. If such materials are to be filed, they should be sealed and maintained separately from the public record.