[Cite as *State v. Richardson*, 2014-Ohio-3541.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,           CASE NO. 13-13-54

      v.

CHARLES V. RICHARDSON,         O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,            CASE NO. 13-13-55

      v.

CHARLES V. RICHARDSON,         O P I N I O N

      DEFENDANT-APPELLANT.

**Appeals from Seneca County Common Pleas Court**
**Trial Court Nos. 13-CR-0036 and 13-CR-0047**

**Judgments Affirmed**

**Date of Decision:  August 18, 2014**

APPEARANCES:

      *Stephen A. Goldmeier* for Appellant

      *Christa A. Dimon*  for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Charles V. Richardson ("Richardson"), appeals the October 25, 2013 judgment entries of sentence of the Seneca County Court of Common Pleas. He argues that trial court abused its discretion by denying his request for the Seneca County Grand Jury transcripts relating to his indictments. For the reasons that follow, we affirm.

{¶2} On March 20, 2013, the Seneca County Grand Jury indicted Richardson on two counts in case number 13-CR-0036: Count One of trafficking in cocaine in violation of R.C. 2925.03(A), (C)(4)(g), a first-degree felony; and Count Two of possession of cocaine in violation of R.C. 2925.11(A), (C)(4)(a), a fifth-degree felony. (Case No. 13-CR-0036, Doc. No. 2).

{¶3} Also on March 20, 2013, the Seneca County Grand Jury indicted Richardson on six counts in case number 13-CR-0047: Count One of trafficking in cocaine in violation of R.C. 2925.03(A)(1), (C)(4)(b), a fourth-degree felony; Count Two of trafficking in cocaine in violation of R.C. 2925.03(A), (C)(4)(d), a third-degree felony; Count Three of trafficking in cocaine in violation of R.C. 2925.03(A), (C)(4)(f), a first-degree felony; Count Four of trafficking in cocaine in violation of R.C. 2925.03(A), (C)(4)(e), a second-degree felony; Count Five of trafficking in cocaine in violation of R.C. 2925.03(A), (C)(4)(f), a first-degree

felony; and Count Six of trafficking in cocaine in violation of R.C. 2925.03(A), (C)(4)(g), a first-degree felony. (Case No. 13-CR-0047, Doc. No. 1).

{¶4} On April 1, 2013, Richardson entered pleas of not guilty in case numbers 13-CR-0036 and 13-CR-0047. (Case No. 13-CR-0036, Doc. No. 10); (Case No. 13-CR-0047, Doc. No. 9).

{¶5} Also on April 1, 2013, Richardson filed a motion to dismiss both cases alleging prosecutorial impropriety and prosecutorial conflict of interest based on Seneca County Prosecuting Attorney Derek DeVine's ("Prosecutor DeVine") representation of Richardson in a criminal drug-trafficking matter in 2001 as his court-appointed defense counsel. (Case No. 13-CR-0036, Doc. No. 8); (Case No. 13-CR-0047, Doc. No. 7).

{¶6} In his response to Richardson's motion to dismiss, Prosecutor DeVine noted that "a significant period of time has elapsed since the 2001 case concluded ameliorating [sic] [his] memory of even representing Mr. Richardson." (Case No. 13-CR-0036, Doc. No. 12); (Case No. 13-CR-0047, Doc. No. 11). In addition, Prosecutor DeVine argued that Richardson provided no factual or legal authority supporting his argument that Prosecutor DeVine should be disqualified and the cases be dismissed. (*Id.*); (*Id.*).

**{¶7}** On May 7, 2013, the trial court overruled Richardson's motion and ordered that the cases be scheduled for trial. (Case No. 13-CR-0036, May 7, 2013 JE, Doc. No. 15); (Case No. 13-CR-0047, May 7, 2013 JE, Doc. No. 16).

**{¶8}** Although it is unclear from the record, a representative of the Ohio Attorney General's office was appointed to represent the State in Prosecutor DeVine's place sometime between May 9, 2013 and July 15, 2013. (*See* Case No. 13-CR-0036, Doc. Nos. 17, 29); (Case No. 13-CR-0047, Doc. Nos. 18, 19).[1]

**{¶9}** On July 15, 2013, Richardson filed a motion requesting the transcripts of the State's presentation of its cases against Richardson before the Seneca County Grand Jury. (Case No. 13-CR-0036, Doc. No. 29); (Case No. 13-CR-0047, Doc. No. 19). The trial court held a hearing on Richardson's motion requesting the grand jury transcripts on August 15, 2013. (Aug. 15, 2013 Tr. at 1). At the hearing, Richardson argued that he had a particularized need to inspect the grand jury transcripts to determine if Prosecutor DeVine established probable

---

[1] There is no indication in the record that the Ohio Attorney General's Office filed a notice of appearance in these matters or that Prosecutor DeVine and the Seneca County Prosecutor's Office filed a notice of withdrawal of representation in these matters. (*See* Case No. 13-CR-0036, Doc. Nos. 17, 29); (Case No. 13-CR-0047, Doc. Nos. 18, 19). However, because the record reflects that the trial court permitted the Ohio Attorney General's Office to represent the State in these matters, Richardson did not object, and all documents generated on, or after, July 15, 2013 were communicated to the Ohio Attorney General's Office, there was no prejudice by the Ohio Attorney General's Office's apparent failure to file a notice of appearance in these matters, or Prosecutor DeVine and the Seneca County Prosecutor's Office's failure to file a notice of withdrawal of representation in these matters. *See Stow v. Braden*, 9th Dist. Summit No. 22703, 2005-Ohio-6455, ¶ 8 (it is better practice for an attorney to file a notice of appearance to ensure receipt of documents and appropriate case management by the court, but the failure to do so will not affect the proceedings absent actual prejudice), citing *State v. Rogan*, 2d Dist. Champaign No. 2002CA18, 2003-Ohio-3780, ¶ 14. *See also Smith v. Conley*, 109 Ohio St.3d 141, 2006-Ohio-2035, ¶ 12 ("Attorneys are required to follow local rules and must file the appropriate motion with a court to withdraw from representation.").

cause in these cases by eliciting testimony from witnesses about his criminal history for trafficking in cocaine. (*Id.* at 6-7). Moreover, Richardson argued that he would be able to determine whether Prosecutor DeVine improperly relied on his prior representation of him only by examining "the tenor and tone" of Prosecutor DeVine's presentation to the grand jury. (*Id.* at 15).

{¶10} On August 16, 2013, the trial court denied Richardson's motion requesting the grand jury transcripts. (Case No. 13-CR-0036, Aug. 16, 2013 JE, Doc. No. 39); (Case No. 13-CR-0047, Aug. 16, 2013 JE, Doc. No. 28). The trial court concluded that Richardson failed to demonstrate a particularized need for the transcripts because there was no assertion that any of the witnesses misled the grand jury or were inconsistent in their answers. (*Id.*); (*Id.*).

{¶11} On October 24, 2013, the trial court held a change-of-plea hearing. (Case No. 13-CR-0036, Oct. 25, 2013 JE, Doc. No. 59); (Case No. 13-CR-0047, Oct. 25, 2013 JE, Doc. No. 35). Pursuant to a negotiated plea agreement, Richardson pled no contest to Count One and the State dismissed Count Two in case number 13-CR-0036, and Richardson pled no contest to Count Six and the State dismissed Counts One, Two, Three, Four, and Five in case number 13-CR-0047. (*Id.* at 1); (*Id.* at 1). The trial court found Richardson guilty as to Count One in case number 13-CR-0036 and guilty as to Count Six in case number 13-CR-0047, and it sentenced him to 11 mandatory years in each case. (*Id.* at 2); (*Id.*

at 2). The trial court ordered that Richardson's sentences in case numbers 13-CR-0036 and 13-CR-0047 be served consecutively for a total of 22 mandatory years. (Case No. 13-CR-0047, Oct. 25, 2013 JE, Doc. No. 35).

{¶12} On November 25, 2013, Richardson filed a notice of appeal in each case. (Case No. 13-CR-0036, Doc. No. 61); (Case No. 13-CR-0047, Doc. No. 37). The appeal in case number 13-CR-0036 was assigned appellate case number 13-13-54; the appeal in case number 13-CR-0047 was assigned appellate case number 13-13-55. On December 12, 2013, this court consolidated the two cases for purposes of this appeal.

{¶13} Richardson now appeals raising one assignment of error for our review.

## Assignment of Error

**The trial court abused its discretion when it refused to provide Charles V. Richardson with transcripts of the grand jury proceedings against him, even though the prosecutor who conducted those proceedings represented Mr. Richardson in a prior case. (August 16, 2013 Judgment Entry; 8/15/2013 T.p.6).**

{¶14} In his assignment of error, Richardson argues that the trial court abused its discretion by denying his request to inspect the Seneca County Grand Jury transcripts. Specifically, Richardson argues that he had a particularized need to review the grand jury transcripts because the indictments against him may have been based on prosecutorial misconduct—that is, since Prosecutor DeVine

-6-

represented him in a criminal drug-trafficking matter in 2001, Prosecutor DeVine may have used his knowledge about Richardson's prior conviction to obtain the indictments against him in case numbers 13-CR-0036 and 13-CR-0047. Moreover, Richardson argues that the trial court misinterpreted his argument. Richardson asserts that the basis of his particularized need to review the grand jury transcripts related to Prosecutor DeVine's involvement with the Seneca County Grand Jury and not any specific witness testimony as the trial court noted in denying his motion.

{¶15} "A presumption of regularity attaches to all judicial proceedings." *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, ¶ 19. *See also United States v. Mechanik*, 475 U.S. 66, 75 (1986) (grand jury proceedings carry a presumption of regularity, which may be dispelled with particularized proof of irregularities in the grand jury process).

{¶16} Disclosure of grand jury testimony is controlled by Crim.R. 6(E). *State v. Godfrey*, 181 Ohio App.3d 75, 2009-Ohio-547, ¶ 8 (3d Dist.), citing *State v. Greer*, 66 Ohio St.2d 139 (1981), paragraph one of the syllabus. Crim.R. 6 espouses the secrecy of the grand jury and states, in relevant part:

> Deliberations of the grand jury and the vote of any grand juror shall
> not be disclosed. Disclosure of other matters occurring before the
> grand jury may be made to the prosecuting attorney for use in the

performance of his duties. A grand juror [or] prosecuting attorney *
* * may disclose matters occurring before the grand jury, other than
the deliberations of a grand jury or the vote of a grand juror, but may
disclose such matters only when so directed by the court preliminary
to or in connection with a judicial proceeding * * *.

*State v. Hook*, 3d Dist. Marion No. 9-97-21, 1997 WL 445814, *2 (Aug. 6, 1997), citing Crim.R. 6(E).

{¶17} "Grand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy." *Greer* at paragraph two of the syllabus, citing *State v. Patterson*, 28 Ohio St.2d 181 (1971), paragraph three of the syllabus. To demonstrate a particularized need for the disclosure of grand jury testimony, a defendant must show that "it is probable that the failure to disclose the testimony will deprive the defendant of a fair adjudication of the allegations placed in issue by the witness' trial testimony." *Id.* at paragraph three of the syllabus. "Specifically, the trial court should determine whether the failure to disclose the testimony will deny [the defendant] a fair trial or, in the alternative, whether [the defendant's] request for disclosure is a fishing expedition * * *." *State v. Horger*, 170 Ohio App.3d 383, 2007-Ohio-665, ¶ 13 (5th Dist.). A

general request for grand jury transcripts does not demonstrate a particularized need. *Hook* at \*3, citing *State v. Richey*, 64 Ohio St.3d 353, 366 (1992) and *State v. CECOS Internatl., Inc.*, 38 Ohio St.3d 120, 120 (1988).

{¶18} Once a defendant satisfactorily establishes a particularized need for certain grand jury testimony, "the trial court, along with defense counsel and counsel for the state, shall examine the grand jury transcript in camera," and the trial court shall provide defense counsel the relevant portions of the transcript. *Greer* at paragraph four of the syllabus. The trial court judge has no obligation to examine the grand jury transcript absent a showing of a particularized need. *Horger* at ¶ 11. *See also State v. Coleman*, 3d Dist. Marion No. 9-03-23, 2003-Ohio-6440, ¶ 39 (defendant failed to show a particularized need that would have given him the right to inspect the grand jury transcripts in an in camera review).

{¶19} "Determining whether a particularized need exists is a matter within the trial court's discretion." *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, ¶ 41, citing *Greer* at paragraph one of the syllabus. As such, the trial court's decision regarding the review and release of grand jury transcripts will not be reversed absent an abuse of discretion. *State v. Coley*, 93 Ohio St.3d 253, 261 (2001), citing *State v. Brown*, 38 Ohio St.3d 305, 308 (1988). An abuse of discretion is more than a mere error in judgment; it suggests that a decision is

unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

{¶20} We agree with the State that Richardson failed to demonstrate a particularized need for review and disclosure of the grand jury transcripts. Richardson provided no evidence that Prosecutor DeVine relied on his prior representation of him to elicit testimony from any witnesses.

{¶21} On May 31, 2001, Richardson was indicted by the Seneca County Grand Jury on three counts: Counts One, Two and Three of trafficking in cocaine in violation of R.C. 2925.03(A), (C)(4)(b), fourth-degree felonies. (Case No. 13-CR-0036, Doc. No. 8); (Case No. 13-CR-0047, Doc. No. 7). Prosecutor DeVine, who was in private practice at the time, was appointed to represent Richardson, and entered his appearance on July 17, 2001. (*Id.*); (*Id.*). On December 11, 2001, accompanied by then-attorney DeVine, Richardson pled guilty to all three counts. (*Id.*); (*Id.*). Richardson was sentenced to three years of community control. (*Id.*); (*Id.*).

{¶22} Here, Richardson was charged with one count each in trafficking in cocaine and possession of cocaine in case number 13-CR-0036 and six counts of trafficking in cocaine in case number 13-CR-0047. (Case No. 13-CR-0036, Doc. No. 2); (Case No. 13-CR-0047, Doc. No. 1). Prosecutor DeVine, representing the

State against Richardson, presented these cases to the Seneca County Grand Jury and signed the indictments. (*Id.*); (*Id.*).

{¶23} Richardson argues that the trial court erred in denying his request to inspect the grand jury transcripts by finding that he provided no assertion that any witnesses misled the grand jury or were inconsistent in their answers. Richardson argues the fact that Prosecutor DeVine presented these matters to the Seneca County Grand Jury and signed the indictments in these cases, after representing him in a criminal drug-trafficking matter in 2001, is sufficient to demonstrate a particularized need to inspect the grand jury transcripts. According to Richardson, he cannot articulate any further particularized need than that until he is able to inspect the grand jury transcripts to assess whether a conflict occurred. Therefore, Richardson argues, he is entitled to inspect the grand jury transcripts to determine if Prosecutor DeVine relied on his prior representation of him to elicit testimony from witnesses regarding his prior conviction or improperly relied on the knowledge he had from his prior representation in any way.

{¶24} It was within the trial court's discretion to determine whether Richardson demonstrated a particularized need for his counsel, as well as counsel for the State and the trial court, to examine the grand jury transcripts. Richardson provided no evidence that Prosecutor DeVine solicited any testimony from any witness regarding his prior conviction based on Prosecutor DeVine's prior

representation of him or relied on any knowledge that he may have obtained from his prior representation of him. *See State v. Lawson*, 64 Ohio St.3d 336, 345 (1992) (defendant cited no specific facts from the record to support a particularized need to inspect the grand jury transcripts).

{¶25} The purpose of Crim.R. 6(E) is to protect the secrecy of grand jury proceedings and the anonymity of witnesses. *See In re Petition for Disclosure of Evidence Presented to Franklin Cty. Grand Juries in 1970*, 63 Ohio St.2d 212, 219 (1980), citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681-682 (1958) (The varied reasons to protect the secrecy of grand jury proceedings include, "(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.") and *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 219, fn. 10 (1979). Generally, the request for grand jury

transcripts involves allegations of inconsistent witness testimony. According to Richardson, because Crim.R. 6 is designed to protect witnesses and jurors, a relaxed standard should be applied in this case since this case does not involve inconsistent witness testimony or juror misconduct. More specifically, Richardson argues that he needs to demonstrate only that "the ends of justice" require disclosure of the grand jury transcripts based solely on Prosecutor DeVine's role as Richardson's counsel in 2001 and as the State's counsel against him in these cases since the traditional "inconsistencies" analysis is inapplicable here. (Appellant's Brief at 4); (Appellant's Reply Brief at 2). We disagree.

{¶26} It is an issue of first impression whether a prosecutor's role as a defendant's counsel in a prior matter and then as the State's counsel against the same defendant in a similar case, on its face, is sufficient to demonstrate a particularized need to inspect grand jury transcripts. As a matter of first impression, we could not find any authority that directly addresses this issue; however, federal courts have held that the particularized need standard applicable to allegations involving inconsistent witness testimony is the same standard applicable to allegations of prosecutorial misconduct. *See, e.g., United States v. Wilson*, 565 F.Supp 1416, 1437 (S.D.N.Y.1983) (a defendant cannot rely on speculation and surmise of prosecutorial abuse to obtain access to grand jury transcripts); *United States v. Canino*, 949 F.2d 928, 943 (7th Cir.1991) (the mere

unsupported speculation of possible prosecutorial abuse does not meet the particularized need standard); *United States v. Best*, N.D.Ind. No. 2:00-CR-171, 2007 WL 1058231 (Apr. 4, 2007) (argument that "there is no way a Grand Jury should have indicted [the defendant] * * * without some kind of prosecutor misconduct * * *" is fishing for anything helpful to a defendant's cause and does not demonstrate a particularized need to inspect grand jury transcripts), citing *In re Grand Jury Proceedings*, 942 F.2d 1195, 1199 (7th Cir. 1991) ("The secrecy of a grand jury proceeding is not to be pierced by such a slender reed:  a mere possibility of benefit does not satisfy the required showing of a particularized need.").  Moreover, federal courts have held that "[a] review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct." *U.S. v. Torres*, 901 F.2d 205, 233 (2d Cir.1990), abrogated on other grounds by *United States v. Marcus*, 628 F.3d 36 (2d Cir.2010), citing *Wilson* at 1436-1437.

{¶27} Therefore, we will apply the particularized need test to the issue raised by this case in the same manner it has been applied to allegations of inconsistent witness testimony.  *See, e.g., Greer,* 66 Ohio St.2d 139, at paragraph three of the syllabus; *Lang,* 129 Ohio St.3d 512, at ¶ 44-45; *Hook*, 1997 WL 445814, at *2-3.  As such, Richardson "was required to show that nondisclosure of the grand jury transcript[s] would *probably* deprive him of a fair trial."  (Emphasis sic.)  *Lang* at ¶ 45, citing *Greer* at paragraph three of the syllabus.   More

specifically, Richardson was required to articulate some factual basis that Prosecutor DeVine relied on his prior representation of him to elicit testimony from witnesses regarding his prior conviction to improperly obtain the indictments in these cases.

{¶28} Richardson failed to meet his burden of showing that a particularized need outweighed the policy of secrecy because his particularized need was based only on speculation of prosecutorial misconduct and his own fishing expedition to see if the indictments were properly issued. *See State v. Fulton*, 12th Dist. Clermont No. CA2002-10-085, 2003-Ohio-5432, ¶ 39 ("When a defendant 'speculates that the grand jury testimony might have contained material evidence or might have aided his cross-examination * * * by revealing contradictions, the trial court does not abuse its discretion by finding the defendant had not shown a particularized need.'"), quoting *State v. Mack*, 73 Ohio St.3d 502, 508 (1996) and *State v. Webb*, 70 Ohio St.3d 325, 337 (1994).

{¶29} Simply stating that Prosecutor DeVine's role as Richardson's counsel in 2001 and as the State's counsel against him in these matters appears to be a conflict of interest does not satisfy the factual basis required to demonstrate a particularized need. *See State v. Burroughs*, 165 Ohio App.3d 172, 2005-Ohio-6411, ¶ 14 (3d Dist.) (defendant's request to review the grand jury transcripts was overruled because it was merely a fishing expedition based on speculation). A

particularized need cannot be established on the basis of speculative allegations. *See Godfrey*, 181 Ohio App.3d 75, 2009-Ohio-547, at ¶ 15; *CECOS Internatl.*, 38 Ohio St.3d at 125.  Nor can a particularized need be established on the generalized basis that inspection of the grand jury transcripts will indicate whether the indictment was properly issued.  *Brown*, 38 Ohio St. at 308 (contention that reviewing the grand jury transcripts would reveal whether an indictment was properly issued is insufficient to demonstrate a particularized need and that the trial court abused its discretion in denying the defendant's motion to review the transcripts).

{¶30} Furthermore, Richardson's argument that he was unable to articulate a particularized need without inspecting the grand jury transcript provides no excuse for failing to establish a particularized need.  *Lang*, 129 Ohio St.3d 512, at ¶ 45 (assertion that the defendant did not know who testified during the grand jury or what they said provides no excuse for failing to establish a particularized need).

{¶31} Moreover, although not part of this appeal, Richardson's motion to dismiss is relevant to our discussion because it also demonstrates regularity of the grand jury proceedings.  Prior to filing his motion requesting the grand jury transcripts, Richardson filed a motion to dismiss alleging that the cases against him should be dismissed based on prosecutorial impropriety and prosecutorial conflict of interest.  (Case No. 13-CR-0036, Doc. No. 8); (Case No. 13-CR-0047,

Doc. No. 7). Prosecutor DeVine filed a motion in response indicating that his recollection of the representation had diminished because it occurred more than 12 years prior to these cases. (Case No. 13-CR-0036, Doc. No. 12); (Case No. 13-CR-0047, Doc. No. 11). The trial court determined that the facts and circumstances of these cases did not warrant disqualifying Prosecutor DeVine and the Seneca County Prosecutor's Office from prosecuting Richardson in these matters. (Case No. 13-CR-0036, May 7, 2013 JE, Doc. No. 15); (Case No. 13-CR-0047, May 7, 2013 JE, Doc. No. 16).

{¶32} "When there is a potential conflict of interest or appearance of impropriety, the trial court must review the evidence and determine if the improper appearance can be overcome." *State v. Britton*, 3d Dist. Marion No. 9-98-39, 1999 WL 446588, *1 (June 23, 1999). The appearance may be overcome by showing "(1) no substantial relationship between the subject of the prior matter and the matter at issue, (2) the side-switching attorney had no personal contact with or knowledge of the prior matter, or (3) the new law firm erected adequate and timely screens that prevented the flow of information from the quarantined attorney to other members of the law firm." *State v. Wiles*, 126 Ohio App.3d 71, 82 (11th Dist.1998), citing *Kala v. Aluminum Smelting & Refining Co., Inc.*, 81 Ohio St.3d 1, 8-10 (1988). "In addition, this Court has previously noted that the mere appearance of impropriety in a government office is not sufficient, in and of

itself, to warrant disqualification of the entire office because the relationship between attorneys in a government office is different from those in private firms, as are the objectives that they seek, i.e., 'just results rather than the result desired by a client.'" *State v. Frederick*, 3d Dist. Seneca No. 13-01-16, 2001 WL 1432039, *2 (Nov. 15, 2001), quoting *State v. Murphy*, 3d Dist. Marion No. 9-87-35, 1988 WL 126748, *2 (Nov. 17, 1988).

**{¶33}** Here, Richardson provided no evidence of a conflict of interest to the trial court other than the mere appearance of impropriety. *See id.* (the moving party must demonstrate that there is a substantial relationship between the matter at issue and the matter of the prior representation, then the burden shifts to the non-moving party to rebut the presumption of shared confidences pursuant to the second and third steps of the *Kala* analysis). Because Richardson failed to demonstrate a substantial relationship between his prior drug-trafficking conviction and these cases, the trial court appropriately overruled his motion. *Compare State v. Connor*, 12th Dist. Brown No. CA99-08-024, 2000 WL 979120, *3 (July 17, 2000) (the defendant failed to present any evidence establishing that he was prejudiced or denied a fair trial for his gross sexual imposition charge because of the prosecutor's prior representation of him in gross sexual imposition case as a juvenile). *See also State v. Bryant*, 4th Dist. No. 96CA14, 1997 WL 374713, *1-2 (June 26, 1997) (alleging a mere appearance of impropriety is

insufficient to disqualify a prosecutor and invalidate guilty plea after the prosecutor represented the defendant in a different criminal case three years prior); *contra Britton* at *2 (a substantial relationship was established on the face of the motion because there was a clear relationship between the matters since the subsequent matter was an appeal of the prior matter).  Because the trial court appropriately overruled Richardson's motion to dismiss, there was no conflict for Prosecutor DeVine to continue representing the State in the cases against Richardson.  As such, the fact that a representative from the Ohio Attorney General's Office was appointed to prosecute Richardson in Prosecutor DeVine's place is also not dispositive of any misconduct that would demonstrate a particularized need.

**{¶34}** Accordingly, we hold that Richardson did not demonstrate a particularized need justifying his review of the grand jury transcripts.  Richardson did not show that nondisclosure of the grand jury transcripts would *probably* result in an unfair trial based on Prosecutor DeVine's role as Richardson's counsel in 2001 and as the State's counsel against him in these matters.  More simply put, Richardson did not provide any factual details which could sustain a showing of a particularized need.  As a result, we conclude that the trial court did not abuse its discretion in concluding that Richardson failed to demonstrate a particularized need to review the grand jury transcripts.

{¶35} Therefore, Richardson's assignment of error is overruled.

{¶36} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.

***Judgments Affirmed***

**WILLAMOWSKI, P.J., and ROGERS, J., concur.**

**/jlr**