[Cite as *State v. Krug*, 2018-Ohio-3248.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NOS. 2018-L-007** |
| - vs - | : | **2018-L-024** |
| JON P. KRUG, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 08 CR 000008.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Jon P. Krug*, pro se, PID: A544-929, Richland Correctional Institution, 1001 Olivesburg Road, Mansfield, OH 44905 (Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1}    Appellant, Jon P. Krug, appeals from the December 14, 2017 and January 8, 2018 judgments of the Lake County Court of Common Pleas, denying his motion for leave to file delayed motion for new trial and denying his motion for disclosure of partial transcript of grand jury proceedings. Finding no reversible error, we affirm.

{¶2}    In the early hours of December 30, 2007, appellant went to the Lake Effects bar in Madison, Ohio. At some point in the evening he went into an area in the

bar where the bar's owner, Jason Reihner, was playing horseshoes with a group of people. Appellant, wearing headphones and listening to his MP3 player, walked right into the horseshoe pit when one of the players was about to throw a horseshoe. Reihner confronted appellant and asked him to leave. He escorted appellant outside, and a fight between them erupted in the parking lot. As the two exchanged punches, a crowd gathered around them. Harold Layne, a cook at the bar, saw a knife in appellant's left hand and jumped into the fight to help Reihner. Both Layne and Reihner were stabbed. As appellant walked away, he was tackled to the ground by several bar patrons, who managed to pry the knife from his hand.

{¶3} Reihner was air-lifted to Metro Health Medical Center to treat the stab wound to his abdomen. His spleen and part of his pancreas were removed and he was hospitalized for two-and-a-half weeks. Subsequently, he developed a related blood clot in his lung, for which he was hospitalized for another week.

{¶4} Layne, who suffered a stab wound to his abdomen that caused his intestines to protrude from his body, was air-lifted to University Hospitals. He had part of his intestines removed as a result of the stab wound and was hospitalized for two weeks.

{¶5} On February 13, 2008, appellant was indicted by the Lake County Grand Jury on five counts: counts one through four, felonious assault, felonies of the second degree, with RVO specifications; and count five, carrying a concealed weapon, a felony of the fourth degree. Counts one and two arose from crimes committed against Layne. Counts three and four arose from crimes committed against Reihner. Appellant entered a not guilty plea to all charges at his arraignment.

2

{¶6} A jury trial commenced on April 21, 2008. Fourteen witnesses testified for the state and three for the defense, including appellant himself. The trial court also admitted 75 exhibits introduced by the state. The state and appellant offered different accounts of how Reihner and Layne were stabbed during the fight.

{¶7} Following trial, the jury returned guilty verdicts on all five counts.

{¶8} The trial court determined that appellant was a repeat violent offender and sentenced him to a total prison term of 37 and a half years. Appellant filed his first appeal, Case No. 2008-L-085. On July 31, 2009, this court affirmed appellant's convictions and sentence. *State v. Krug*, 11th Dist. Lake No. 2008-L-085, 2009-Ohio-3815.

{¶9} Appellant filed his second appeal, Case No. 2009-L-038. On November 25, 2009, this court affirmed the trial court's judgment denying appellant's postconviction petition. *State v. Krug*, 11th Dist. Lake No. 2009-L-038, 2009-Ohio-6232.

{¶10} Thereafter, appellant filed a myriad of pleadings to the trial court, this court, and the Ohio Supreme Court. Pertinent to the instant appeals, on August 31, 2017, appellant filed a motion for leave to file delayed motion for new trial, which was denied by the trial court. On December 26, 2017, appellant filed a motion for disclosure of partial transcript of grand jury proceedings, which was also denied by the trial court. Appellant filed appeals, Case Nos. 2018-L-007 and 2018-L-024, which were consolidated, and raises the following two assignments of error:

{¶11} "[1.] The trial court abused its discretion when it denied defense counsel an opportunity to review partial transcripts to the grand jury proceedings and refused to seal them in the record for appellate review in violation of the sixth and fourteenth amendments.

3

**{¶12}** "[2.] The trial court erred when it denied defendant's motion for leave to file a delayed motion for a new trial because it ignored the burden shifting in self-defense and neglected its role in the suppression of the newly discovered evidence rendering its decision unreasonable, arbitrary, and unconscionable in violation of the fifth, sixth and fourteenth amendments."

**{¶13}** In his first assignment of error, appellant argues the trial court abused its discretion in failing to disclose a portion of the grand jury proceedings, specifically the testimony of Mike Nichols.

**{¶14}** "* * * [T]he bar for releasing a grand jury transcript is very high. Disclosure of grand jury testimony is controlled by Crim.R. 6(E). *State v. Godfrey,* 181 Ohio App.3d 75, * * *, 2009-Ohio-547, ¶8, (3d Dist.), citing *State v. Greer,* 66 Ohio St.2d 139, * * * (1981), paragraph one of the syllabus.

**{¶15}** "'Grand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy.' *Greer* at paragraph two of the syllabus, citing *State v. Patterson,* 28 Ohio St.2d 181 * * *(1971), paragraph three of the syllabus.

**{¶16}** "To demonstrate a particularized need for the disclosure of grand jury testimony, a defendant must show that 'it is probable that the failure to disclose the testimony will deprive the defendant of a fair adjudication of the allegations placed in issue by the witness' trial testimony.' *Greer* at paragraph three of the syllabus. 'Specifically, the trial court should determine whether the failure to disclose the testimony will deny (the defendant) a fair trial or, in the alternative, whether (the defendant's) request for disclosure is a fishing expedition (* * *).' *State v. Horger,* 170

4

Ohio App.3d 383, * * *, 2007-Ohio-665, ¶13 (5th Dist.)." (Parallel citations omitted.) *State v. Swanson*, 11th Dist. Ashtabula No. 2015-A-0006, 2015-Ohio-4027, ¶27-29 (O'Toole, J., concurred with a Concurring Opinion).

**{¶17}** "'Moreover, whether to release grand jury testimony "is within the discretion of the trial court." [*Greer*]*,* paragraph one of the syllabus. A decision to deny release will not be reversed absent an abuse of discretion. *State v. Brown* (1988), 38 Ohio St.3d 305, 308.' * * * *State v. Coley* (2001), 93 Ohio St.3d 253, 261." *State v. Griffiths*, 11th Dist. Trumbull No. 2000-T-0131, 2002 WL 5307, *2 (Dec. 28, 2001).

**{¶18}** Regarding this standard, we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto,* 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland,* 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.2008).

**{¶19}** In this case, the trial court conducted an in camera inspection of the grand jury testimony. The court determined that Nichols testified before the grand jury on or about February 8, 2008, and that his testimony unequivocally did not exculpate appellant. Appellant moved the trial court to disclose the grand jury proceedings. Appellant requested a copy of Nichols' testimony to appeal the court's decision and to demonstrate that his trial counsel was ineffective. In its January 8, 2018 judgment denying appellant's motion for disclosure of grand jury proceedings, the trial court stated:

**{¶20}** "Neither claim amounts to a particularized need. Regarding the first, the court finds that the details of Nichols' testimony are unimportant for purposes of appeal.

5

Only the gist matters, and the court unequivocally states again that Nichols' grand jury testimony did not exculpate the defendant. As to the second, the testimony was not available to the defendant's trial attorney. Therefore, it cannot be used to prove that he was ineffective, because he had no idea what Nichols told the grand jury. All counsel knew at the time was that the state vouched that Nichols' testimony was not exculpatory, and the defendant now knows that statement was true. Knowing exactly what Nichols said will not change that fact."

{¶21} Upon review, appellant has failed to demonstrate that the ends of justice require disclosure or that he has a particularized need for Nichols' testimony. Thus, the trial court did not abuse its discretion in denying appellant's motion for disclosure of partial transcript of grand jury proceedings.

{¶22} Appellant's first assignment of error is without merit.

{¶23} In his second assignment of error, appellant contends the trial court abused its discretion in denying his motion for leave to file a delayed motion for new trial.

{¶24} With regard to a motion for new trial, the allowance or denial is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *State v. Hill,* 64 Ohio St.3d 313, 333 (1992). The discretionary decision to grant a Crim.R. 33 motion is an extraordinary measure which should be employed only when the evidence weighs heavily in favor of the moving party. *State v. Valentine,* 11th Dist. Portage No. 2002-P-0052, 2003-Ohio-2838, ¶14.

{¶25} Crim.R. 33 states in part:

{¶26} "(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

6

**{¶27}** "* * *

**{¶28}** "(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. * * *

**{¶29}** "(B) Motion for New Trial; Form, Time. * * *

**{¶30}** "Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered * * *. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."

**{¶31}** In the instant matter, the jury returned its verdict on April 25, 2008. Over nine years later, on August 31, 2017, appellant filed his motion for leave to file delayed motion for new trial. Clearly, appellant greatly exceeded the 120-day time frame under Crim.R. 33(B) between the return of the jury's verdict and the filing of his motion.

**{¶32}** Appellant argues he was unavoidably prevented from discovering information provided by Michael Nichols, Lindsey Anderson, and/or Jackie Sufilka within the 120-day deadline. The record, however, does not support appellant's assertion.

**{¶33}** Nichols' affidavit indicates that he, Anderson, and Sufilka met appellant and Bill Martin at Lake Effects bar on the night at issue. These individuals are friends and acquaintances of appellant and appellant knew they were present. Nichols provided Anderson's and Sufilka's names and contact information to appellant's investigator in February 2008. Anderson and Sufilka were interviewed by the state and

7

the audio recordings were provided to defense counsel. Also before trial, Nichols' name and contact information was provided to appellant in discovery.

{¶34} Nichols, Anderson, and Sufilka were known to appellant and were available to testify. However, the defense made a strategic decision not to have these witnesses testify at trial. Such a decision does not meet the requirements of Crim.R. 33(B). Appellant fails to prove by clear and convincing evidence that he could not have discovered such evidence within the required 120-day deadline. Appellant's motion is untimely and the evidence is not newly discovered. Thus, the trial court did not abuse its discretion in denying appellant's motion for leave to file a delayed motion for new trial.

{¶35} Appellant's second assignment of error is without merit.

{¶36} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.

8