109 N.J. Super. 502 (1970)
263 A.2d 817
STATE OF NEW JERSEY, PLAINTIFF,
v.
VINCENT KEARNEY, JR., PAUL R. KAVANAUGH, HAROLD MATZNER and DOROTHE MATZNER, DEFENDANTS. STATE OF NEW JERSEY, PLAINTIFF,
v.
VINCENT KEARNEY, JR., HAROLD MATZNER and JOHN C. DE GROOT, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided March 25, 1970.
*503 Mr. John G. Thevos, Prosecutor, attorney for plaintiff.
Mr. John W. Noonan, attorney for defendant Kearney.
Mr. Miles R. Feinstein, attorney for defendant Kavanaugh.
Mr. Robert I. Ansell, attorney for defendants Matzner.
*504 Mr. Bruno L. Leopizzi, attorney for defendant Kearney.
Mr. Morrill Cole, attorney for defendant DeGroot.
Mr. Joseph T. Afflitto, attorney for defendants Matzner.
CRANE, A.J.S.C.
The above entitled criminal cases have been tried to conclusion resulting in acquittals of all defendants. As has been noted in another opinion filed simultaneously with this, considerable notoriety has attended the proceedings. In the Matter of Look Magazine (Law Div. 1970).
The Prosecutor of Passaic County now seeks an order of the court that
1. All the testimony presented before the Passaic County grand juries during the course of the investigation of the above-entitled murder cases be released to the general public through the facilities of the news media.
2. All of the materials made available to the defendants in discovery proceedings be so released.
3. The transcript of the record of a hearing before Judge Robert Shaw of the United States District Court for the District of New Jersey, which took place in May 1968 concerning the attorney for defendant Matzner, be similarly released.
The prosecutor contends that an article entitled "Murder, New Jersey Style," published in the March 10, 1970 issue of Look Magazine is adversely critical of the role of his office; that it does not present an accurate picture of the investigation of the murder cases, and that if the article goes unanswered it will seriously undermine public confidence in law enforcement in Passaic County. He now seeks public disclosure of the aforesaid materials to prevent "a great travesty upon justice and irreparable harm to members of the Passaic County Prosecutor's Office."
*505 Some of the materials referred to above were introduced in evidence or otherwise used during the course of the two trials. Understandably, counsel chose to use only those portions of the grand jury testimony and other materials which were helpful to their clients' cases. There remains now a residue of testimony, statements, reports and other similar materials which the prosecutor seeks to have disclosed to the public.
In reality the prosecutor is seeking to retry the cases in the press. He hopes to establish justifiable cause for the actions of his office by public disclosure of the materials in his hands. This is evident from the mention of "irreparable harm to members of the Passaic County Prosecutor's Office" and the reference to undermined public confidence in law enforcement in this county. Were he or members of his staff prosecuting a libel action or defending a malicious prosecution suit, a disclosure of the materials might be appropriate if relevant to the issues in such litigation. But here there are no such issues being presently litigated.
The use of the news media as a forum for the resolution of issues in criminal cases has been disapproved. Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); State v. Van Duyne, 43 N.J. 369 (1964). The defense as well as the prosecution is prohibited from resorting to the news media for the purpose of creating a climate of favorable opinion before a trial. State v. Kavanaugh, 52 N.J. 7 (1968). Why should a prosecutor be privileged to release evidence to the news media tending to prove defendants' guilt after they have been acquitted? No authority for such a proposition has been submitted. Indeed, the whole rationale of our criminal law suggests the contrary. Through the evolution of the judicial process the theme of fundamental fairness has predominated. State v. Kunz, 55 N.J. 128 (1969). The rules of discovery as well as the rules of evidence are designed to accomplish fairness. Saia v. Bellizio, 103 N.J. Super. 465 (App. Div. 1968), aff'd 53 *506 N.J. 24 (1968). The discovery process enables a defendant to be informed of the extent of the State's case against him, R. 3:13-3; State v. Tate, 47 N.J. 352 (1966), while the rules of evidence are designed to prevent his being convicted on the basis of untrustworthy information. State v. Bartell, 15 N.J. Super. 450 (App. Div. 1951), aff'd 10 N.J. 9 (1952). Much of the material which is developed during the course of an investigation is inadmissible at a trial. It may consist of hearsay, suspicion, innuendo or opinion. Such material may serve a valuable investigatory purpose and yet not be admissible at a trial. To disclose it all now, after the trials have been concluded, would be manifestly unfair.
Moreover, as the prosecutor has indicated, some of the defendants may yet be tried on indictments of related charges still pending. The disclosure now of information adverse to the defendants in those matters would be violative of the principles of Sheppard v. Maxwell, and State v. Van Duyne, supra.
Traditionally, the proceedings before a grand jury are secret. United States v. Procter & Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958); State v. Farmer, 48 N.J. 145, 152 (1966); R. 3:6-7. There are many reasons why this must be so. Among them are the need to protect persons who have come forward with information and to protect innocent persons whose names have been mentioned but who have not been charged. United States v. Rose, 215 F.2d 617 (3 Cir.1954). At the instance of a defendant grand jury testimony may be disclosed if justice so requires. State v. Moffa, 36 N.J. 219 (1961); R. 3:13-3. And the veil may be broken in the discretion of the court if disclosure would serve a legitimate investigatory purpose and the material disclosed would be pertinent to pending judicial proceedings. Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co., 211 F. Supp. 729 (D.N.D. Ill. E.D. 1962). Public disclosure, however, has not been sanctioned.
*507 The prosecutor suggests that the interest of persons other than the defendants may be protected by having the court examine the grand jury testimony and other material and exclude those portions which might be inimical to the interest of such persons. And for what purpose is the court asked to play the role of censor? Essentially the purpose to be served is a private one.
Should a properly constituted investigatory body seek access to the grand jury proceedings and materials gathered in the course of the prosecutor's investigation, a different question would be presented. Since the matter of disclosure of grand jury proceedings is discretionary, United States v. Socony Vacuum Oil Co., 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129 (1940); United States v. Rose, supra, suffice it to say that an insufficient basis has been presented in this instance to move the discretion of the court.
We have reviewed the transcript of the proceedings before Judge Shaw of the United States District Court. Those proceedings have to do with matters which are the subject of pending disciplinary proceedings both in this State as well as the Commonwealth of Massachusetts. Judge Shaw directed that the proceedings remain impounded. We see no reason why that order should be disturbed at this time.
The motion will be denied.