[Cite as *In re Invenstigation into the November 22, 2014 Shooting Death of Tamir Rice*, 2018-Ohio-1087.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105707**

---

## IN RE: INVESTIGATION INTO THE NOVEMBER 22, 2014 SHOOTING DEATH OF TAMIR RICE, A MINOR

[Appeal by Reverend Kyle Earley, Reverend Larry Howard and Michelle Kinney]

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-17-875208

**BEFORE:** E.A. Gallagher, A.J., Boyle, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 22, 2018

**ATTORNEY FOR APPELLANTS**

James L. Hardiman
3615 Superior Avenue, Suite 3101-D
Cleveland, Ohio 44114

Michael L. Nelson
55 Public Square, Suite 1055
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Kristen L. Sobieski
Matthew E. Meyer
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


EILEEN A. GALLAGHER, A.J.:

{¶1} Petitioners-appellants Reverend Kyle Earley, Reverend Larry Howard and Michelle Kinney (collectively "appellants") appeal the decision of the Cuyahoga County Court of Common Pleas denying their petition for release of selected portions of the transcripts and exhibits from the Cuyahoga County Grand Jury proceedings relating to the investigation of the November 22, 2014 shooting death of Tamir Rice. Based on the record before us, we cannot say that the trial court abused its discretion in denying appellants' petition. Accordingly, for the reasons that follow, we affirm the trial court's decision.

**Factual and Procedural Background**

{¶2} On January 31, 2017, appellants filed a petition seeking the release of all grand jury transcripts and exhibits related to the investigation into the death of Tamir Rice. On February 9,

2017, they filed an amended petition limiting their request to the release of the following grand jury materials related to the Tamir Rice case:

(1) all exhibits, including but not limited to diagrams, charts and photographs,

(2) all written statements submitted to or considered by the Grand Jury,

(3) all expert reports submitted to or considered by the Grand Jury,

(4) the testimony of experts who testified before the Grand Jury,

(5) all law enforcement reports submitted to or considered by the Grand Jury, and

(6) transcripts of all special instructions and arguments provided to the Grand Jury by the Prosecuting Attorneys.

Appellants are three individual citizens who are active members of the Cleveland Branch of the National Association for the Advancement of Colored People ("NAACP"). They have no legal interest in the Tamir Rice matter other than as concerned citizens and as representatives of the NAACP. In their amended petition, appellants asserted that the release of the requested grand jury materials "is of great public interest and will enhance the public's knowledge and understanding of the methods by which this particular Grand Jury conducted its investigation and reached its decision." Appellants further asserted that given the former prosecuting attorney's prior "selective release" of information relating to the grand jury proceedings, including the identity of certain witnesses who testified before the grand jury and the release of certain expert reports and data related to the investigation, releasing the requested grand jury materials "would serve the ends of justice based on the NAACP's and the general public's particularized need for disclosure which outweighs the need for secrecy."

{¶3} The state filed a response indicating that it had no objection to a "limited release" of the portion of the grand jury transcripts containing "the prosecutors' legal instructions and voting

instructions" given the "compelling public interests unique to this case" and the existence of "a legitimate public concern * * * concerning the manner in which the grand jury receive[d] legal instruction and voted on the issues in the case." However, the state opposed the release of the other grand jury materials appellants requested. The state further indicated that its response "should not be viewed as precedent and is instead tailored to the specific, unique facts of the case at bar."

{¶4} On March 27, 2017, the trial court denied appellants' petition, concluding that disclosure of the requested grand jury transcripts and exhibits was not authorized under Ohio law. As the court explained:

> The shooting death of Tamir Rice has received an enormous amount of media coverage. There have been vigils and community protests demonstrating strong public interest in the particulars of the investigation. However, this alone is insufficient grounds to set aside the dictates of Criminal Rule 6(E) or to allow for an exception which would persuade this court to grant the petition. Petitioners have failed to show a particularized need for the transcripts. To grant the petition would erode the plain language of Criminal Rule 6(E). Furthermore, the investigation into Tamir Rice's death only concluded four months ago and * * * disciplinary proceedings are presently underway.
>
> This court recognizes Petitioners' well-intentioned request. However, based on an analysis of Criminal Rule 6(E), the limited precedent available and the reasons set forth in the foregoing opinion, the petition must be denied. To do otherwise would eviscerate the historical practice of guarding the secrecy of grand jury proceedings. Release herein could set precedent whereby eventually any entity for almost any reason could be granted release of grand jury transcripts.

{¶5} Appellants appealed the trial court's decision, raising two assignments of error for review:

> Assignment of Error I:
> The court that oversees the grand jury proceedings possesses the authority to
>
> release transcripts and exhibits related to those proceedings notwithstanding
>
> Criminal Rule 6(E)'s secrecy provisions.

Assignment of Error II:
In light of the unique facts surrounding this case, the irregularities reflected in the grand jury proceeding itself, and the interests of justice that transparency would serve, the court should have granted the requested release.

**Law and Analysis**

**Standard of Review**

{¶6} When considering the issues raised by this appeal, we are mindful of the deference we must give to the trial court's decision in this case. A trial court's decision whether to release grand jury materials is reviewed for abuse of discretion. *State v. Coley*, 93 Ohio St.3d 253, 261, 263, 754 N.E.2d 1129 (2001), citing *State v. Brown*, 38 Ohio St.3d 305, 308, 528 N.E.2d 523 (1988). In applying an abuse of discretion standard, a reviewing court is not free to simply substitute its judgment for that of the trial court. *Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990). An abuse of discretion occurs where a decision is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "'A decision is unreasonable if there is no sound reasoning process that would support that decision.'" *Ockunzzi v. Smith*, 8th Dist. Cuyahoga No. 102347, 2015-Ohio-2708, ¶ 9, quoting *AAAA Ents. Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). An abuse of discretion may also occur where the trial court "'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.'" *Ockunzzi* at ¶ 9, quoting *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.); *see also Flemco, LLC v. 12307 St. Clair, Ltd.*, 8th Dist. Cuyahoga No. 105956, 2018-Ohio-588, ¶ 15 ("A discretionary act that reaches an end or purpose clearly against reason and evidence is an abuse of discretion."); *Trustar Funding,*

*L.L.C. v. Harper*, 8th Dist. Cuyahoga No. 105837, 2018-Ohio-495, ¶ 7 ("To find that a trial court abused its discretion, 'the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias.'"), quoting *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 256, 662 N.E.2d 1 (1996).

**The Origins of Grand Jury Proceedings**

{¶7} The modern grand jury traces its origins to the Assize of Clarendon, an enactment of King Henry II in 1166. The Assize called for an inquiry to be made, upon the oath of twelve men from every hundred and four men from every village, of persons publicly suspected of robbery, theft or murder. The crimes to be investigated were expanded, over succeeding years, to include almost all serious crimes.

{¶8} In this country, the grand jury is "'a constitutional fixture in its own right.'" *United States v. Williams*, 504 U.S. 36, 47, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992), quoting *United States v. Chanen*, 549 F.2d 1306, 1312 (9th Cir. 1977). The Fifth Amendment to the United States Constitution states, in relevant part: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a Grand Jury * * * ." *See also* Ohio Constitution, Article I, Section 10. The function of a grand jury is to inquire whether sufficient evidence exists to put an individual on trial for alleged criminal conduct, but it also serves as a shield against unfounded and oppressive prosecution.

**Ohio Grand Jury Proceedings**

{¶9} R.C. Chapter 2939 and Crim.R. 6 govern grand jury proceedings in Ohio. Once a grand jury is impaneled, the common pleas court administers an oath that requires the grand jurors to swear or affirm, among other things, that they will "diligently inquire into and carefully

deliberate all matters that shall come to [their] attention," that they "will keep secret all proceedings of the grand jury unless [they] are required in a court of justice to make disclosure," that they "will indict no person through malice, hatred, or ill will," that they "will not leave unindicted any person through fear, favor, or affection, or for any reward or hope thereof" and that "in * * * deliberations [they] will present the truth, the whole truth, and nothing but the truth, according to the best of [their] skill and understanding * * * ."   R.C. 2939.06(A); *see also* R.C. 2939.07 ("The grand jurors, after being sworn, shall be charged as to their duty by the judge of the court of common pleas, who shall call their attention particularly to the obligation of secrecy which their oaths impose, and explain to them the law applicable to such matters as may be brought before them.").   The secrecy of the grand jury is crucial.   Although the prosecuting attorney or an assistant prosecuting attorney may appear before the grand jury to interrogate witnesses, "to give information relative to a matter cognizable by it" or to give "advice upon a legal matter when required," no person other than the grand jurors may remain in the room while the grand jurors are expressing their views or voting on the matters before them.   R.C. 2939.10.
  The process is ex parte, or one-sided, presenting only the side of the state.

### Disclosure of Grand Jury Proceedings

{¶10} Crim.R. 6(E) governs the disclosure of grand jury proceedings.   It provides:

Deliberations of the grand jury and the vote of any grand juror shall not be disclosed.   Disclosure of other matters occurring before the grand jury may be made to the prosecuting attorney for use in the performance of his duties.   A grand juror, prosecuting attorney, interpreter, stenographer, operator of a recording device, or typist who transcribes recorded testimony, may disclose matters occurring before the grand jury, other than the deliberations of a grand jury or the vote of a grand juror, but may disclose such matters only when so directed by the court preliminary to or in connection with a judicial proceeding, or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury.   No grand juror, officer of the court, or other

person shall disclose that an indictment has been found against a person before such indictment is filed and the case docketed. The court may direct that an indictment shall be kept secret until the defendant is in custody or has been released pursuant to Rule 46. In that event the clerk shall seal the indictment, the indictment shall not be docketed by name until after the apprehension of the accused, and no person shall disclose the finding of the indictment except when necessary for the issuance of a warrant or summons. No obligation of secrecy may be imposed upon any person except in accordance with this rule.

*See also* R.C. 2939.11 (imposing obligation of secrecy on court reporter transcribing grand jury proceedings); R.C. 2939.18 ("No grand juror, officer of the court, or other person shall disclose that an indictment has been found against a person not in custody or under bail, before such indictment is filed and the case docketed, except by the issue of process.").

**{¶11}** The Ohio Supreme Court has held that a supervising court may order disclosure of evidence presented to a grand jury "only after the court carefully weighs the need to maintain the secrecy of the grand jury proceedings against [the] petitioner's need for the information and determines that justice can only be done if disclosure is made." *In re Petition for Disclosure of Evidence Presented to Franklin Cty. Grand Juries in 1970*, 63 Ohio St.2d 212, 218, 407 N.E.2d 513 (1980). When presented with a petition for disclosure of grand jury materials, the supervising court must determine whether the petitioner has demonstrated a "particularized need" for disclosure of the materials that outweighs the need for secrecy. *State v. Greer,* 66 Ohio St.2d 139, 407 N.E.2d 982 (1981), paragraph two of the syllabus. The determination of whether a particularized need for disclosure exists is a matter within the sound discretion of the trial court. *State v. Grewell,* 45 Ohio St.3d 4, 9, 543 N.E.2d 93 (1989).

**{¶12}** In *Greer*, a defendant sought to examine the complete transcript of a witness' grand jury testimony to determine whether there were any inconsistencies with his testimony at trial. *Greer* at 143. The Ohio Supreme Court held that because the defendant had established a

particularized need for the witness' grand jury testimony for impeachment purposes, all of the witness' pertinent grand jury testimony should have been given to the defendant. *Id.* at 151.

{¶13} Like *Greer*, most of the Ohio cases that discuss disclosure of grand jury materials involve a balancing of the rights of an accused who is seeking disclosure of grand jury materials against the desire to maintain grand jury secrecy. These cases hold that even a defendant is not entitled to grand jury materials "unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy." *See, e.g., Greer* at paragraph two of the syllabus. A "particularized need" is established "when the circumstances reveal a probability that the failure to provide the grand jury testimony will deny the defendant a fair trial." *State v. Sellards*, 17 Ohio St.3d 169, 173, 478 N.E.2d 781 (1985).

{¶14} Appellants have cited no cases in their appellate brief in which grand jury transcripts or exhibits were disclosed under circumstances similar to those here.[1]

---

[1] Although they do not cite it in the brief they filed with this court, below appellants cited *In re May*, 13 Media L. Rptr. 2198 (S.D.N.Y. 1987), in support of their claim that courts have discretion to release grand jury transcripts "in the interest of public transparency." The decision in that case was originally published but was later withdrawn from publication at the request of the issuing court. *See* 651 F. Supp. 457. In *May*, Gary May, an associate professor of history at the University of Delaware, was writing a book about William Walter Remington, a public official during the McCarthy era, who was accused of being a communist.

May filed a petition seeking the release of the minutes of a special federal grand jury that had been in session from December 1948 to June 1950 to the extent they pertained to Remington. The United States District Court for the Southern District of New York granted the petition based upon the historical significance of the Remington case, extensive prior litigation regarding alleged improprieties in the grand jury proceedings, extensive previous disclosures of portions of the grand jury transcripts and the fact that the events underlying the grand jury investigation had occurred more than 35 years prior and the principals were all, but for Remington's former wife (who had already been interviewed by May), dead. *May* at 2199.

The court noted that although May's petition did not fall "within the legislatively defined exceptions of Fed. R. Crim. P. 6(e), * * * in an extraordinary case the court need not confine itself to the strictures of Rules 6(e) [sic], but may exercise its discretion to permit disclosure." *Id.* Ultimately, the court held that "[i]n the circumstances of this case, we find a considerable public interest in disclosure and no interest in continued grand jury secrecy." *Id.*

As the trial court observed, this case presents a very different scenario from that in *May*. Among other things, the grand jury proceedings here are recent in time and there were pending disciplinary hearings for the individuals involved in the shooting at the time the trial court ruled on appellants' petition.

{¶15} In *In re Grand Jury Investigation*, 61 Ohio Misc.2d 583, 580 N.E.2d 868 (Hamilton C.P. 1991), the Hamilton County Court of Common Pleas denied a petition filed by the county prosecutor for an order to release grand jury transcripts involving allegations of misconduct by certain county building inspectors to the Hamilton County Board of County Commissioners. *Id.* at 584. No indictments were returned by the grand jury. *Id.* The request was based upon two claims: (1) that the transcripts would assist the board in disciplinary hearings that were pending against several building inspectors and (2) that "they would dispel allegedly unfounded criticism of the grand jury, which criticism engenders disrespect for the justice system and is a disservice to the community." *Id.* The court refused to apply an "historical-interest exception" to grand jury secrecy, reasoning as follows:

> [T]he historical-interest exception, has been invoked with extreme rarity. Under this exception, grand jury proceedings have been opened to the public in a long-completed case of historical interest, or in a recent case involving matters of unique, statewide, historical interest. Needless to say, the present case, despite the inflamed rhetoric which has surrounded it, is not possessed of such uniqueness or historical value as to justify the use of this rare exception. The persons involved are still very much alive; and disciplinary proceedings related to this matter are just about to begin. If the grand jury proceedings in this case were to be opened to the public on the basis of the historical-interest exception, the secrecy of the grand jury would be trivialized, and such secrecy violable in virtually every publicized case involving some controversy, real or manufactured.

*Id.* at 593-594.

{¶16} In *State v. Kearney*, 263 A.2d 817 (N.J. Super. 1970), a New Jersey court denied the prosecuting attorney's request to release grand jury materials to the public after the defendants were acquitted of all charges in murder cases. The prosecutor had been criticized in an article published in the March 1970 edition of *Look Magazine*, a national publication. *Id.* at 504. The prosecutor asserted that the article did not present an accurate picture of the investigation, that if it went unanswered it would undermine public confidence in law

enforcement and that public disclosure of the grand jury materials was, therefore, necessary to prevent "a great travesty upon justice and irreparable harm to members of the Passaic County Prosecutor's Office." *Id.*

{¶17} The court denied the request, concluding that public disclosure of the grand jury materials was not sanctioned under the law, that the prosecutor was merely seeking to "retry the cases in the press" and that "use of the news media as a forum for the resolution of issues in criminal cases has been disapproved." *Id.* at 505-506, citing *Sheppard v. Maxwell,* 384 U.S. 333, 86 S.Ct. 1507, 16 L.E.2d 600 (1966).

{¶18} It is critical to its functioning that the secretive nature of the work of a grand jury remain sacrosanct and inviolable. As such, that secrecy has long been "jealously guarded" by Ohio courts. *State v. Tenbrook,* 34 Ohio Misc.2d 14, 15, 517 N.E. 2d 1046 (Cuyahoga C.P. 1987), citing *State v. Rhoades*, 81 Ohio St. 397, 91 N.E. 186 (1910). The interest in the secrecy of grand jury proceedings is not eliminated when an investigation has ended because disclosure could affect the functioning of future grand juries.

{¶19} Every matter that is brought before the citizens of this county who have been entrusted by their fellow citizens to serve as grand jurors is important to someone. In each such case, there are individuals who are obviously interested in the outcome, including the accused or someone who has been in some manner aggrieved, e.g., a victim. Few cases have incited such community outrage as that surrounding the shooting death of Tamir Rice. The fact that the office of the former prosecuting attorney disseminated selected portions of the evidence presented to the grand jury under the guise of "transparency" was inappropriate.

{¶20} Nevertheless, appellants have not shown that they are entitled to the grand jury materials they seek under Ohio law. Appellant's request for disclosure is not for use

"preliminary to or in connection with a judicial proceeding" or for any other purpose for which disclosure is authorized under Crim.R. 6(E). Further, appellants have made no showing of a "particularized need" for this information that outweighs the need for secrecy of the grand jury proceedings. There is no Ohio case law or other authority that supports the release of grand jury transcripts and exhibits to persons who are merely interested in the proceedings. Grand jury proceedings are secret and are not be disclosed to the public to satisfy its curiosity regarding what occurred during those proceedings.

{¶21} In this case, the record shows that the trial court carefully considered appellants' petition and the state's response. In a thoughtful, well-reasoned opinion, the trial court concluded that there was no basis under Ohio law for disclosure of the requested grand jury materials to the appellants. We cannot say that the trial court acted unreasonably, arbitrarily or unconscionably in denying the appellants' petition. Accordingly, we overrule the appellants' assignments of error.

{¶22} Judgment affirmed.

It is ordered that appellee recover from appellants the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and

EILEEN T. GALLAGHER, J., CONCUR