[Cite as *Desmond v. State*, 2020-Ohio-181.]

IN THE COURT OF APPEALS OF OHIO
SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

| | |
|---|---|
| Martin Desmond | Court of Appeals No. 2018 MA 00138 |
| Appellant | Trial Court No. 2017 CV 99999 |
| v. | |
| State of Ohio | **DECISION AND JUDGMENT**<br>Judgment: Affirmed |
| Appellee | Decided: January 21, 2020 |

* * * * *

Subodh Chandra, Patrick Haney and Donald P. Screen, for appellant.

Matthew E. Meyer, Special Prosecutor, for appellee.

* * * * *

**MAYLE, J.**

{¶ 1} Petitioner-appellant, Martin Desmond, appeals (1) the November 19, 2018 judgment of the Mahoning County Court of Common Pleas, denying his petition to unseal grand-jury transcripts in five criminal proceedings, and (2) its June 4, 2018

judgment appointing Matthew Meyer as independent special prosecutor, representing the interests of the state.

{¶ 2} As explained further below, Desmond requested grand-jury transcripts from five criminal matters for use in litigation against his former employer, Mahoning County's elected prosecutor, Paul Gains. Grand-jury proceedings are generally afforded secrecy under Ohio law unless a person shows a particularized need for the transcripts that outweighs the need for secrecy. Because we find that Desmond failed to demonstrate a particularized need for the transcripts, we affirm the trial court judgment.

{¶ 3} Additionally, Desmond moved to disqualify attorney Matthew Meyer, an assistant Cuyahoga County prosecuting attorney who was appointed by Gains to represent the state in this matter. Desmond maintained that because he alleged misconduct by the attorneys in Gains's office, Gains had a conflict of interest that was not cured by appointing Meyer as an assistant. The trial court concluded that because Meyer was subject to discharge by Gains, there existed an arguable appearance of impropriety, and it voided Gains's appointment. However, because it found that Meyer's involvement posed no actual prejudice to Desmond, it appointed Meyer itself to act as an independent special prosecutor on behalf of the state. Because we find no error in the trial court's appointment of Meyer, we affirm the trial court judgment.

## I. Background

{¶ 4} Martin Desmond was employed by the Mahoning County Prosecutor's Office as an assistant prosecuting attorney ("APA"). On April 5, 2017, the elected

2.

county prosecutor, Paul Gains, terminated Desmond's employment, allegedly because Desmond violated various statutes and rules of professional conduct by (1) engaging in communications with adverse parties; (2) knowingly making himself a witness to a lawsuit against the county, his superior, and a fellow assistant prosecutor; (3) uttering false claims of ethical violations against a fellow assistant prosecutor, causing a grievance to be filed against her; (4) wrongfully making false and misleading allegations against a fellow assistant prosecutor to adverse parties; (5) failing to communicate to the appropriate supervisor his belief that a fellow assistant prosecutor engaged in misconduct; and (6) using county equipment and assets to conduct research to assist parties adverse to his client, his superior, and a fellow assistant prosecutor.

{¶ 5} Desmond insists that the real reason his employment was terminated was because he reported misconduct by fellow APA, Dawn Cantalamessa, in her handling of a murder case (*State v. White*, Mahoning case No. 15-CR-538) and a related obstruction-of-justice case (*State v. Robinson*, Mahoning case No. 16-CR-342), and for other questionable prosecution tactics. Desmond alleges that the prosecutor's office, and Cantalamessa in particular, maintains a practice of indicting people without sufficient evidence in order to compel their cooperation in criminal proceedings. He maintains that this practice includes indicting individuals solely for invoking their right to remain silent.

{¶ 6} Desmond appealed his termination to the State Personnel Board of Review ("SPBR"), alleging that he was terminated by the prosecutor's office in retaliation for making a report under R.C. 124.341—Ohio's whistleblower statute. SPBR determined

3.

that Desmond failed to satisfy the procedural threshold for seeking whistleblower protection under R.C. 124.341, and, therefore, dismissed his appeal for lack of jurisdiction. Desmond appealed to the Mahoning County Court of Common Pleas, which affirmed the SPBR decision. He then appealed to this court. We reversed and remanded for a determination of the merits of Desmond's SPBR appeal. *Desmond v. Mahoning Cty. Prosecutor's Office*, 2019-Ohio-4282, 134 N.E.3d 280, ¶ 2 (7th Dist.).

{¶ 7} In addition to his appeal to the SPBR, Desmond filed a civil complaint in the Mahoning County Court of Common Pleas, case No. 18-CV-771. This complaint, filed on March 21, 2018, asserts claims for defamation, intimidation, false-light invasion of privacy, wrongful discharge in violation of public policy, falsification, retaliation, and civil-rights violations against Gains, both in his official capacity and personally; Desmond's direct supervisor, Linette Stratford, both in her official capacity and personally; and Mahoning County.

{¶ 8} Shortly before filing his complaint and following the SPBR's dismissal of his appeal, Desmond petitioned the Mahoning County Court of Common Pleas to unseal grand-jury testimony in five specific cases:

(1) *State v. Lucky*, Mahoning case No. 08-CR-329;

(2) *State v. Hill*, Mahoning case No. 08-CR-372;

(3) *State v. Ravnell*, Mahoning case No. 08-CR-373;

(4) *State v. Dawson*, Mahoning case No. 11-CR-804; and

(5) *State v. Woods*, Mahoning case No. 12-CR-1261.

4.

Desmond claimed that the transcripts from these proceedings would (1) show that the misconduct he reported was a real concern, which will support his retaliation claim; (2) help impeach Gains, who claimed that the reported misconduct was investigated and no wrongdoing found, thereby undermining Gains's credibility; (3) support his SPBR appeal by testing Gains's credibility as to the bases for the SPBR's dismissal; and (4) promote accountability of the prosecutor's office, a matter of public interest.

{¶ 9} After conducting an in-camera review of the transcripts, in an order filed on November 19, 2018, the trial court denied Desmond's petition. It held that the "particularized need asserted by the petitioner for access to the enumerated grand jury transcripts is not sufficient to overcome the principles of secrecy accorded grand jury proceedings under Ohio law."

{¶ 10} During the course of the proceedings relating to his petition to unseal the grand-jury transcripts, Desmond sought to disqualify counsel selected by the Mahoning County Prosecutor's Office to represent the state's interests. Specifically, Gains appointed Matthew E. Meyer, an assistant Cuyahoga County prosecuting attorney, to represent the state with respect to Desmond's petition. Desmond argued that because he alleged prosecutorial misconduct against Gains and his office, counsel appointed by *Gains* could not independently investigate those claims. He asked that the trial court disqualify Meyer and appoint independent counsel.

{¶ 11} In an order filed on June 4, 2018, the trial court agreed with Desmond that there was an "arguable appearance of impropriety" because Meyer was subject to

5.

discharge by Gains, but it concluded that this appearance of impropriety did not amount to actual prejudice to Desmond. The court granted Desmond's motion to disqualify to the extent that Meyer's service was at Gains's appointment, but it then appointed Meyer itself to serve as independent special prosecutor. In other words, Meyer was allowed to continue to serve as counsel, but would do so as an appointee of the court rather than as Gains's appointee.

{¶ 12} Desmond appealed both the November 18 and June 4, 2018 judgments. He assigns the following errors for our review:

> **Assignment of Error #1**: The lower court erred in finding that Desmond's particularized need was insufficient to outweigh any minimal-to-non-existent secrecy interest, and thus to unseal the requested grand-jury transcripts.

> **Assignment of Error #2**: The lower court erred in appointing as independent special prosecutor the same individual previously picked by Mahoning County Prosecuting Attorney Paul Gains to resolve an apparent conflict of interest for the prosecutor's office.

## II.  Law and Analysis

{¶ 13} Desmond assigns error both in the trial court's denial of his petition to unseal the five grand-jury transcripts and in its order appointing Meyer as an independent special prosecutor. We address each of Desmond's assignments of error in turn.

6.

## A. The Grand Jury Transcripts

{¶ 14} Desmond argues in his first assignment of error that the trial court erred in refusing to unseal the grand-jury transcripts. He claims that he showed a particularized need for the transcripts that outweighed the need to preserve the secrecy of the grand-jury proceedings. Specifically, he maintains that the transcripts would substantiate or "underscore" the prosecutorial misconduct that he reported to Gains and, furthermore, would aid in impeaching Gains's credibility. Desmond also contends that release of the grand-jury transcripts would further the ends of justice by allowing public scrutiny of prosecutorial practices. In this case, he claims, release of the transcripts would expose misconduct by the Mahoning County prosecutor's office.

{¶ 15} The state responds that (1) Desmond lacks standing to obtain the transcripts because he was not a party to the grand jury proceedings at issue; (2) Desmond's desire to use the transcripts to "potentially impeach Gains" does not constitute a particularized need; (3) maintaining the secrecy of the grand jury proceedings remains of major importance even though the cases have concluded; and (4) the public interest in exposing prosecutorial misconduct is not sufficient to constitute a particularized need for the transcripts.

### 1. Secrecy of grand jury proceedings

{¶ 16} Crim.R. 6(E) protects the secrecy of grand-jury proceedings and provides that matters occurring before the grand jury may be disclosed "only when so directed by the court preliminary to or in connection with a judicial proceeding, or when permitted by

the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." In addition, R.C. 2939.11 imposes upon the reporter who records testimony before the grand jury "an obligation of secrecy to not disclose any testimony taken or heard except to the grand jury, prosecuting attorney, or attorney general, unless called upon in court to make disclosures." Notably, neither Crim.R. 6(E) nor R.C. 2939.11 prohibit a court from allowing disclosure of grand-jury transcripts to a person who was not a "party" to the grand-jury proceedings.

{¶ 17} The Ohio Supreme Court has recognized five reasons for preserving the secrecy of grand jury proceedings:

"(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; [and] (5) to protect [an] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt."

8.

*In re Petition for Disclosure of Evidence Presented to Franklin Cty. Grand Juries in 1970*, 63 Ohio St.2d 212, 219, 407 N.E.2d 513 (1980), quoting *U.S. v. Rose*, 25 F.2d 617, 628-629 (2d Cir.1954).

{¶ 18} "The secrecy of grand jury proceedings is not, however, absolute." *In re Grand Jury Investigation*, 61 Ohio Misc.2d 583, 588, 580 N.E.2d 868 (C.P.1991). The Ohio Supreme Court has held that inspection of grand jury transcripts may be permitted where there exists a particularized need for disclosure that outweighs the need for secrecy. *State v. Greer*, 66 Ohio St.2d 139, 420 N.E.2d 982 (1981), paragraph two of the syllabus; *In re Petition for Disclosure of Evidence Presented to Franklin Cty. Grand Juries in 1970* at 218. This is true in both criminal cases and civil cases. *Id.*

{¶ 19} The "particularized need" standard is a "highly flexible" one that recognizes that "the requirements of secrecy are greater in some situations than in others." *United States v. Sells Eng., Inc.*, 463 U.S. 418, 445, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983). To that end, "once the particularized need for the grand jury material is shown, the necessity of preserving grand jury secrecy is lessened * * *." *Greer* at 150. Additionally, "as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification." *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 223, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979).

{¶ 20} Nevertheless, "in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular

9.

grand jury, but also the possible effect upon the functioning of future grand juries." *In re Petition for Disclosure of Evidence Presented to Franklin Cty. Grand Juries in 1970* at 217, quoting *Douglas Oil* at 222-223. "Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties." *Id.* Accordingly, "the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities." *Id.*

### 2. Demonstrating particularized need

{¶ 21} Whether there exists a particularized need for disclosure of grand jury transcripts is a question of fact to be determined by the trial judge. *State v. Perkins*, 191 Ohio App.3d 263, 2010-Ohio-5161, 945 N.E.2d 1083, ¶ 45 (2d Dist.), citing *Greer* at paragraphs one and two of the syllabus. We review a decision denying a motion for release of grand jury transcripts under an abuse-of-discretion standard. *Wurth v. Emro Marketing Co.*, 125 Ohio App.3d 494, 500, 708 N.E.2d 1057 (6th Dist.1998). "A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound." *State v. Nisley*, 3d Dist. Hancock No. 5-13-23, 2014-Ohio-981, ¶ 15, *State v. Boles*, 187 Ohio App.3d 345, 2010-Ohio-278, ¶ 16-18 (2d Dist.).

{¶ 22} "Particularized need" may exist where "considering all of the surrounding circumstances, 'it is probable that the failure to disclose the testimony will deprive the petitioner of a fair adjudication of a pending action.'" (Citations omitted.) *Wiggins v. Kumpf*, 2d Dist. Montgomery No. 26263, 2015-Ohio-201, ¶ 8. "A general request

10.

for grand jury transcripts does not demonstrate a particularized need." *State v. Richardson*, 2014-Ohio-3541, 17 N.E.3d 644, ¶ 17 (3d Dist.). Nor does mere speculation about the content of grand jury proceedings. *Tourlakis v. Beverage Distributors, Inc.*, 8th Dist. Cuyahoga No. 81222, 2002-Ohio-7252, ¶ 34, citing *State v. Mack*, 73 Ohio St.3d 502, 508, 653 N.E.2d 329 (1995). *See also Wiggins* at ¶ 10, quoting *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 44 ("A 'speculative claim that the grand jury testimony might have contained material evidence or might have aided * * * cross-examination does not establish a particularized need.'").

{¶ 23} Courts have also found no particularized need for grand-jury testimony where defendants claimed that inspection of the transcripts was needed to show that indictments were issued based on inadequate or incompetent evidence. *See State v. Davis*, 38 Ohio St.3d 361, 365, 528 N.E.2d 925 (1988); *State v. Brown*, 38 Ohio St.3d 305, 308, 528 N.E.2d 523 (1988) (finding no particularized need where defendant sought to inspect grand-jury testimony to show that indictment was not properly issued). But courts have recognized the existence of particularized need where the transcripts are sought to impeach a witness, refresh his recollection, or test his credibility. *Stakich v. Russo*, 8th Dist. Cuyahoga No. CA 99488, 2014-Ohio-2526, ¶ 31.

{¶ 24} Absent a showing of particularized need, the trial court is not obligated to examine the grand-jury transcript. *Richardson* at ¶ 18, citing *State v. Horger*, 170 Ohio App.3d 383, 2007-Ohio-665, 867 N.E.2d 466, ¶ 11 (5th Dist.). *See also State v. Brown*, 6th Dist. Lucas No. L-82-297, 1983 WL 6945, *5 (Sept. 16, 1983) ("[T]he trial court did

11.

not abuse its discretion in not conducting an in camera inspection of the grand jury testimony, since the defense failed to demonstrate the requisite particularized need."). Moreover, "there is no requirement that defense counsel examine the grand jury transcript until a particularized need has been established." *State v. Herrera*, 6th Dist. Ottawa No. OT-05-039, 2006-Ohio-3053, ¶ 30.

### 3. Evaluating particularized need in the present case

{¶ 25} The trial court conducted a hearing on Desmond's petition to unseal the grand-jury transcripts on November 13, 2018. At the beginning of that hearing, the court stated that "at least in form," particularized need exists in this case. It reiterated this later on in the hearing, stating that it had made a finding of particularized need "subject to a verification in the in-camera inspection." But after reviewing the transcripts—without making those transcripts available to counsel—it announced that it had "determined that there is insufficient evidence of a particularized need in any of [the] transcripts to warrant first participation in the evaluation by counsel on either side * * * [a]nd second, to warrant production of * * * those transcripts to either side." Its November 19, 2018 judgment entry concludes that "the particularized need asserted by petitioner for access to the enumerated grand jury transcripts is not sufficient to overcome the principles of secrecy accorded grand jury proceedings under Ohio law."

{¶ 26} The procedure used by the trial court was this: after the parties briefed and argued their respective positions, the judge reviewed the transcripts in chambers in the presence of counsel and explained why he did not believe Desmond was entitled to each

12.

of the transcripts. Desmond argues that the trial court erred by not allowing counsel access to the transcripts so that they could meaningfully participate in the in-camera review and by failing to properly weigh Desmond's need for the transcripts against the interests in maintaining the secrecy of the grand jury proceedings at issue. He insists that the justification for maintaining the secrecy of the proceedings is severely diminished here because potential witnesses were disclosed by the state and the cases have long been resolved.

{¶ 27} Desmond is correct that counsel *may* be permitted to assist the trial court while it conducts an in camera review, but there is no such requirement unless and until a particularized need has been established. *Herrera* at ¶ 30; *see also Greer* at paragraph four of the syllabus ("*[W]hen defense counsel asserts and establishes to the satisfaction of the trial court a particularized need for [the] grand jury testimony*, the trial court, along with defense counsel and counsel for the state, shall examine the grand jury transcript in camera * * *." (Emphasis added.)).

{¶ 28} Desmond is also correct that the necessity of preserving grand-jury secrecy is lessened as the justifications for secrecy cease to apply, but again, this is true only *after* a particularized need for the transcripts has been demonstrated. *Greer* at 150 ("[O]nce the particularized need for the grand jury material is shown, the necessity of preserving grand jury secrecy is lessened."). Where a petitioner has not demonstrated a particularized need for the transcripts, a trial court does not err by failing to expressly consider the five factors for preserving secrecy. *Wurth*, 125 Ohio App.3d at 500, 708

N.E.2d 1057.  "The petitioner's burden to demonstrate a particularized need for disclosure [that] outweighs the need for secrecy is * * * a threshold requirement." (Internal quotations and citations omitted.)  *In re January 27, 2017 Order Releasing Grand Jury Materials*, 2018-Ohio-988, 108 N.E.3d 1170, ¶ 7 (2d Dist.).

{¶ 29} Desmond advances essentially three reasons in support of his position that particularized need exists.  He claims the transcripts will allow him (1) to substantiate his claims of misconduct, (2) to impeach or discredit Gains, and (3) to expose to the public misconduct occurring within the Mahoning County prosecutor's office.  We are not persuaded that any of these reasons establish a particularized need.

{¶ 30} First, Desmond argues that the grand-jury transcripts would substantiate the misconduct that he reported, thereby supporting his contention that Gains's motive for terminating his employment was retaliatory.  Specifically, he claims that the transcripts will "bolster" his retaliation claims because they will "help" prove a motive to retaliate. He explains that "*if* the transcripts showed a pattern of indicting individuals based on insufficient evidence and/or for improper motives, that would *strengthen* Desmond's claim that the reason for his termination was to cover up such misconduct * * *," and "*if* the transcripts substantiate his reported concerns," this will undermine the truth of Gains's affidavit in which he averred that he investigated Desmond's concerns and found them to be baseless.  (Emphasis added.)  Desmond insists that his ability to prove motive and to impeach Gains's credibility will be "hampered" if he is not allowed access to the grand jury transcripts.

14.

**{¶ 31}** Desmond's contentions that the transcripts would "help," "strengthen," and "bolster" his claims "if" they show what he thinks they will show, and that the absence of the transcripts will "hamper" his ability to prove motive and attack Gains's credibility fall short of showing that it is probable that the failure to disclose the testimony will deprive him of a fair adjudication of his claims. At most, Desmond has shown that the transcripts would assist in supporting his claims.

**{¶ 32}** Moreover, Desmond already possesses public case filings that would serve the same purpose as the grand-jury transcripts. For instance, Desmond attached as an exhibit to his petition the state's motions to dismiss the indictments in *Hill* and *Lucky*. Those motions concede the deficiencies in the state's cases, openly acknowledging that charges had been brought to apply pressure on the defendants to cooperate with the state. Desmond also attached a transcript from a hearing on the defendant's motion to dismiss in *Woods,* in which Cantalamessa asserts her position in support of the indictment—the same position that Desmond argues constituted misconduct. It is difficult to understand why Desmond *needs* the grand jury transcripts given that he is already in possession of documents that are part of the public record from which he can argue the same point.

**{¶ 33}** Turning to his second argument in support of particularized need, Desmond claims that the grand jury transcripts are necessary to impeach Gains and to test his credibility. He maintains that the transcripts will undercut Gains's claims that Desmond's accusations were baseless and that no other employees engaged in

15.

wrongdoing. He insists that the transcripts will show that Gains will say anything to cover for his assistants' improper actions.

{¶ 34} But Desmond does not contend that Gains was present during the grand jury proceedings or that he testified at those proceedings. Generally, where courts have allowed access to grand jury transcripts for impeachment purposes, it has been to impeach a trial witness with his or her previous testimony before the grand jury. There is no prior testimony here with which to impeach Gains. Moreover, Ohio courts have held that a particularized need cannot be established for the pretrial release of grand jury testimony of a witness "based upon 'anticipated' inconsistencies with trial testimony that has not yet taken place." *State v. Godfrey*, 181 Ohio App.3d 75, 2009-Ohio-547, 907 N.E.2d 1230, ¶ 16 (3d Dist.).

{¶ 35} In any event, Gains's affidavit does not suggest that he performed an investigation of the prosecutors' conduct in *Lucky, Hill, Ravnell, Woods,* or *Dawson*; it indicates that Desmond's allegations against Cantalamessa—which were "subsumed by the allegations contained in [*Robinson's*] federal lawsuit"—were baseless. The pertinent paragraph of Gains's affidavit states:

> After conducting an internal investigation into the allegations raised
> in the federal case, I determined that neither Cantalamessa nor [Shawn]
> Burns mishandled either the *White* or *Robinson* criminal cases. It was
> further determined that Attorney Desmond's complaints against Assistant
> Prosecutor Cantalamessa were baseless. Inasmuch as Attorney Desmond's

allegations are subsumed by the allegations contained in the federal lawsuit,

I concluded that Attorney Desmond's allegations lacked merit.

In other words, Gains's affidavit suggests only that he investigated Cantalamessa's conduct in *White* and *Robinson*—transcripts that are not at issue here. Accordingly, we conclude that Desmond has articulated no particularized need for the grand jury transcripts in *Lucky, Hill, Ravnell, Woods,* or *Dawson* for impeachment purposes.

{¶ 36} Finally, that the public may be interested in the content of the grand-jury transcripts alone is not sufficient justification for releasing them. Particularized need that outweighs the need for secrecy must still be demonstrated. *In re Rice*, 2018-Ohio-1087, 109 N.E.3d 608, ¶ 20 (8th Dist.). Again, we find no particularized need here.

{¶ 37} Having concluded that no particular need exists here, it was unnecessary for the trial court to engage in the in-camera review of the grand-jury transcripts. Nevertheless, we find no abuse of discretion in its ultimate decision denying Desmond's petition to unseal the transcripts. We find Desmond's first assignment of error not well-taken.

### B. Appointment of Independent Special Prosecutor

{¶ 38} Apparently recognizing that he has a personal interest that may inherently pose a potential conflict of interest,[1] Gains purported to appoint Matthew Meyer under

---

[1] The record evidence contains no acknowledgment by Gains of a conflict of interest; according to newspaper articles attached as exhibits to Desmond's reply in support of his motion to disqualify Meyer, Gains stated that he appointed a special prosecutor so that

17.

R.C. 309.06 to act as his "Special Assistant" in the matter of Desmond's petition to unseal the grand-jury transcripts. Desmond moved to disqualify Meyer. He argued that because he alleged misconduct against the Mahoning County prosecutor's office, it was incumbent on the court—not Gains—to appoint an *independent* prosecutor to assess Desmond's need for and the public interest in the release of the requested grand-jury transcripts. The trial court found Desmond's motion to disqualify well-taken "only to the extent that Mr. Meyer's service as a special prosecutor in this case is based upon his appointment by [Gains]." It reasoned that there was "an arguable appearance of impropriety" given that Meyer was subject to discharge by Gains. The court concluded, however, that this appearance of impropriety did not amount to "actual prejudice," and exercising its inherent authority, the court itself designated Meyer to serve as an independent special prosecutor. *See State v. Bunyan*, 51 Ohio App.3d 190, 192, 555 N.E.2d 980 (3d Dist.1988) ("[T]he court of common pleas possesse[s] the inherent power to appoint a special prosecutor to perform the duties of the elected prosecuting attorney who fe[els] unable to perform because of a conflict of interest.").

{¶ 39} In his second assignment of error, Desmond argues that the trial court abused its discretion by reappointing Meyer. He maintains that by reappointing Meyer to serve as special prosecutor, the court allowed the underlying conflict of interest to remain. He claims that this conflict is evident given that Meyer (1) was handpicked by

---

there would be "no biases" and that a special prosecutor "would be effective" because "[h]e can act on his own judgment" without "taking orders from [Gains or his office]."

Gains and was acting as simply an extension of Gains; (2) took the extremist position that there was no conflict of interest in Gains handling the grand-jury transcripts matter even when Gains conceded that there was a conflict; (3) reflexively opposed disclosure of the transcripts despite the more relaxed approach taken by Ohio courts; (4) made disparaging remarks about Desmond; and (5) is "more bent on protecting the prosecutor's office than the integrity of the judicial system." Desmond insists that once the trial court "disqualified Meyer as Gains's assistant," it should have appointed "a *truly independent* prosecutor."

{¶ 40} The state responds that the trial court acted within its discretion "when it denied Desmond's Motion to Disqualify." It maintains that the mere appearance of impropriety is insufficient to disqualify a prosecutor, and that actual prejudice is required.

{¶ 41} Contrary to the state's characterization, the trial court, in fact, *granted* Desmond's motion to the extent that *Gains* appointed Meyer. The question here is whether Meyer should have been disqualified altogether after the court agreed that Meyer's service at Gains's will created an appearance of impropriety. We review a trial court's decision denying a motion to disqualify a prosecutor under an abuse-of-discretion standard. *See Ross v. Olsavsky*, 7th Dist. Mahoning No. 09 MA 95, 2010-Ohio-1310, ¶ 40 ("We review the trial court's decision on a motion to disqualify for an abuse of discretion."); *State v. Smith*, 5th Dist. Guernsey No. 16 CA 30, 2017-Ohio-2616, ¶ 39 (finding no abuse of discretion in trial court's denial of motion to disqualify prosecutor's office).

19.

{¶ 42} The trial court correctly held that the standard for disqualification is not whether there exists an appearance of impropriety, but rather, whether there exists actual prejudice. *State v. Cornick*, 8th Dist. Cuyahoga No. 99609, 2014-Ohio-2049, ¶ 24. "A decree disqualifying a prosecutor's office should only be issued by a court when actual prejudice is demonstrated." *Smith* at ¶ 34, citing *State v. Morris*, 5th Dist. Stark No. 2004CA00232, 2005-Ohio-4967, ¶ 15. Such challenges typically arise in the context of a prosecutor who has previously represented a defendant or where a prosecutor testifies in a proceeding or trial that he or she is prosecuting. *Id.* The ultimate consideration in such cases "is whether the defendant was prejudiced." *Id.* "'Prejudice will not be presumed by an appellate court where none is demonstrated.'" *State v. Goff*, 4th Dist. Lawrence No. 11CA20, 2013-Ohio-42, ¶ 61, quoting *State v. White*, 8th Dist. Cuyahoga No. 82066, 2004-Ohio-5200, ¶ 26.

{¶ 43} We agree with the trial court that Desmond has failed to show actual prejudice here. The trial court properly responded to any perceived conflict by removing Gains's authority over Meyer. Moreover, a genuine dispute existed over the propriety of unsealing the grand-jury transcripts here. That Meyer advocated against unsealing them is not indicative of any conflict on his part, particularly given our conclusion that the trial court properly denied Desmond's petition to unseal the transcripts.

{¶ 44} Accordingly, we find Desmond's second assignment of error not well-taken.

### III.  Conclusion

{¶ 45} We find Desmond's first assignment of error not well-taken.  Desmond has failed to demonstrate a particularized need for the grand-jury transcripts in *State v. Lucky*, Mahoning case No. 08-CR-329, *State v. Hill*, Mahoning case No. 08-CR-372, *State v. Ravnell*, Mahoning case No. 08-CR-373, *State v. Dawson*, Mahoning case No. 11-CR-804; and *State v. Woods*, Mahoning case No. 12-CR-1261.   We affirm the November 19, 2018 judgment of the Mahoning County Court of Common Pleas, denying his petition to unseal these transcripts.

{¶ 46} We also find Desmond's second assignment of error not well-taken. Desmond has failed to demonstrate actual prejudice resulting from Meyer's continued representation of the state's interests in this case.  We affirm the June 4, 2018 judgment of the Mahoning County Court of Common Pleas, appointing Matthew Meyer as independent special prosecutor.

{¶ 47} Desmond is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

Thomas J. Osowik, J.

Christine E. Mayle, J.
CONCUR.

Judges Arlene Singer, Thomas J. Osowik and Christine E. Mayle, Sixth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.