The STATE of Ohio, Appellant,

v.

HORGER, Appellee.

[Cite as *State v. Horger,* 170 Ohio App.3d 383, 2007-Ohio-665.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2006CA00294.

Decided Feb. 12, 2007.

384

Amy A. Sabino, for appellant.

Fredrick M. Pitinii, for appellee.

FARMER, Judge.

{¶ 1} On July 16, 2006, the Stark County Grand Jury indicted appellee, Nicklaus Palmer Horger, on the following charges: one count of rape in violation of R.C. 2907.02(A)(1)(b), a first-degree felony, and two counts of gross sexual

imposition in violation of R.C. 2907.05(A), both third-degree felonies.  The alleged victim is a minor child.

{¶ 2} On September 7, 2006, appellee filed a motion for the disclosure of the child's grand jury testimony.  Upon review, and prior to appellant's response, the trial court sua sponte ordered appellant to transcribe the testimony and provide appellee with a transcript of it.

{¶ 3} On September 26, 2006, appellant moved the trial court to reconsider the sua sponte order, and the matter was set for hearing.  At the hearing, the trial court indicated that there had been a review of a transcript of the child's interview at Akron Children's Hospital and a review of the state's bill of particulars.  Upon review of this information, the trial court found inconsistencies in the child's statements.  The trial court further speculated that because there were inconsistencies in those statements, there must also be inconsistencies between the grand jury testimony and other statements made by the child during the investigation.  For this reason, the trial court found that appellee had established a particularized need for disclosure of the child's grand jury testimony and further ordered that a transcript of the testimony be provided to appellee.  It is from this order that appellant was granted leave to appeal.

{¶ 4} Appellant sets forth the following assignment of error for consideration:

{¶ 5} "The trial court abused its discretion when it sustained appellee's motion to disclose the victim's testimony before the grand jury."

■ {¶ 6} In this appeal, appellant argues that the trial court abused its discretion in ordering appellant to transcribe and provide appellee with the child's grand jury testimony.  Specifically, appellant argues that appellee failed to demonstrate a particularized need for the testimony that would outweigh the need for secrecy.

■ {¶ 7} The disclosure of grand jury testimony is governed by Crim.R. 6(E) and Crim.R. 16(B)(3), and the disclosure of materially inconsistent statements is governed by Crim.R. 16(B)(1)(g).  Disclosure of grand jury testimony is controlled by Crim.R. 6(E), not by Crim.R. 16(B)(1)(g), and any release of that testimony for use prior to or during trial is within the sound discretion of the trial court.  *State v. Coley* (2001), 93 Ohio St.3d 253, 261, 754 N.E.2d 1129.

{¶ 8} Crim.R. 6(E) provides that a "prosecuting attorney * * * may disclose matters occurring before the grand jury, other than deliberations of a grand jury or the vote of a grand juror, but may disclose matters only when so directed by the court preliminary to or in connection with a judicial proceeding, or when permitted by the court at the request of the defendant upon a showing that

grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury."

{¶ 9} In *State v. Greer*, the Supreme Court of Ohio stated, "Grand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy." *State v. Greer* (1981), 66 Ohio St.2d 139, 20 O.O.3d 157, 420 N.E.2d 982, paragraph two of the syllabus. A particularized need is established " 'when the circumstances reveal a probability that the failure to provide the grand jury testimony will deny the defendant a fair trial' " of the allegations placed in issue by the witnesses' testimony. *State v. Davis* (1988), 38 Ohio St.3d 361, 365, 528 N.E.2d 925, quoting *State v. Sellards* (1985), 17 Ohio St.3d 169, 173, 17 OBR 410, 478 N.E.2d 781. *State v. Hernandez* (Mar. 29, 1991), Columbiana App. No. 87–C–56, 1991 WL 44362; and *State v. Dillon*, Darke App. No. 05CA1674, 2006-Ohio-4931, 2006 WL 2709704.

{¶ 10} Impeachment through material inconsistencies may be a proper basis for disclosure of grand jury testimony, but that purpose alone is not sufficient. *State v. Patterson* (1971), 28 Ohio St.2d 181, 57 O.O.2d 422, 277 N.E.2d 201; *Hernandez*. The claim that a witness's grand jury testimony may differ from trial testimony is insufficient to show a particularized need. *State v. Henness* (1997), 79 Ohio St.3d 53, 62, 679 N.E.2d 686. Accordingly, in conjunction with the impeachment purpose, the particularized-need standard must still be met. *Hernandez*.

{¶ 11} "When defense counsel asserts and establishes to the satisfaction of the trial court a particularized need for certain grand jury testimony, the trial court, along with defense counsel and counsel for the state, shall examine the grand jury transcript in camera and give to defense counsel those portions of the transcript relevant to the state's witness' testimony at trial, subject to the trial court's deletion of extraneous matter, and issuance of protective orders where necessary." *State v. Greer*, 66 Ohio St.2d 139, 20 O.O.3d 157, 420 N.E.2d 982, paragraph four of the syllabus. Absent the showing of a particularized need, the trial court judge has no obligation to examine the grand jury testimony of the witness.

{¶ 12} In this case, appellee argues that the grand jury testimony is necessary for impeachment purposes. In response, and absent an in camera review of the child's grand jury testimony, the trial court granted disclosure of the grand jury testimony.

{¶ 13} Even if appellee establishes the probability of inconsistent statements, the trial court must conduct an in camera examination of the testimony to

determine whether there is a particularized need for disclosure. Specifically, the trial court should determine whether the failure to disclose the testimony will deny appellee a fair trial or, in the alternative, whether appellee's request for disclosure is a fishing expedition for inconsistent statements that are readily available or could be demonstrated by alternative means sufficient to show the inconsistencies in question. Furthermore, the trial court should consider whether, pursuant to Crim.R. 16(B)(1)(g), the grand jury testimony is more appropriately made available if the child's trial testimony is materially inconsistent with the grand jury testimony and therefore necessary solely for impeachment purposes after the child testifies at trial, rather than for pretrial discovery.

{¶ 14} In this case, on the record, the trial court stated as follows:

When I look at the Bill of Particulars, I see that the Bill of Particulars is inconsistent with what the young lady said at Akron General. On the basis of that there are obvious inconsistencies between what she said at grand jury and what she said at Akron General. Therefore, I am ordering the State of Ohio to produce the grand jury testimony of the alleged victim because it is inconsistent with what she stated to the interviewer at Akron General. And I'm finding that because of that because that shows a particularized need.

{¶ 15} The trial court's judgment entry after the hearing motion to reconsider does not acknowledge that one more step is necessary before disclosure to appellee and his trial counsel. Because there has yet to be an in camera inspection of the grand jury testimony by the trial court, the relinquishment of the transcript to appellee is premature.

{¶ 16} Accordingly we hereby reverse the decision and remand this matter to the trial court for an in camera inspection of the child's grand jury testimony and for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

WISE, P.J., concurs.

HOFFMAN, J., concurs separately.

HOFFMAN, Judge, concurring.

{¶ 17} I concur in the majority's disposition and generally in its analysis of appellant's sole assignment of error. I begin by clarifying what I believe to be the procedural posture of this case, as it has an impact on my decision.

{¶ 18} On September 7, 2006, defendant-appellee filed a motion to disclose the transcript of grand jury proceedings. The motion requested that a transcript of the grand jury proceedings and, more specifically, the testimony of the victim, be

disclosed to the judge for an in camera inspection. Via judgment entry filed that same day, the trial court ordered appellant to provide the transcript of the grand jury proceedings *to the court*, noting therein the objection by the appellant to the request.[1]

{¶ 19} Following appellant's motion to reconsider, a hearing was conducted. Because of perceived inconsistencies between the Akron General Children's Hospital records and the bill of particulars filed by appellant on August 18, 2006, the trial court concluded that there are obviously inconsistencies between what the alleged victim said at the grand jury and what she said at Akron General Children's Hospital. Based thereon, the trial court concluded that a particularized need for disclosure existed. As a result of that conclusion, the trial court orally ordered that appellant produce the grand jury testimony and that defendant-appellee is entitled to it.

{¶ 20} The majority finds that the trial court further speculated that because there were inconsistencies between the hospital records and the bill of particulars, there must also be inconsistencies between the grand jury testimony and other statements made by the child during the investigation (¶ 3).[2] While I disagree with the majority's characterization of the trial court's conclusion as "further" speculation relating to its comparison of the hospital records and the bill of particulars, it is mere speculation at this point that the alleged victim's trial testimony will be inconsistent with her grand jury testimony or, for that matter, with her statement in the hospital records. If her trial testimony is, in fact, inconsistent with her statement in the hospital records, she may be impeached by those hospital records.

{¶ 21} While particularized need is not generally demonstrated by pretrial allegations of potentially inconsistent testimony,[3] I believe that if there is demonstrated a reasonable suspicion that inconsistencies may exist, then a pretrial in camera review by the trial court may be warranted. To that extent, I concur in the majority's conclusion that one more step is necessary before disclosure to appellee: i.e., an in camera inspection by the trial court.

{¶ 22} The majority concludes that the trial court's relinquishment of the transcript to appellee is premature. While the trial court may have indicated

---

1. To that extent, I believe that the majority has mischaracterized the trial court's entry. The trial court did not order appellant to provide the transcript to the appellee, nor was the order issued sua sponte.

2. The trial court actually concluded that obvious inconsistencies existed between the alleged victim's grand jury testimony and what she said at Akron General Children's Hospital.

3. *State v. Burkhart* (Apr. 15, 1991), Clermont App. No. CA 90-04-040, 1991 WL 57104.

orally at the reconsideration hearing that appellee is entitled to the grand jury testimony, the November 3, 2006 judgment entry merely denies reconsideration.

{¶ 23} The effect of that denial leaves the September 7, 2006 judgment entry as the controlling order of the court. As noted previously, that entry does not order the transcript disclosed to appellee, but, rather, orders it disclosed to the court. It may well be that the trial court intends to do that which the majority finds it fails to acknowledge it must do. However, because of the uncertainty of the trial court's intended action based upon the possible discrepancy between the interpretation of its judgment entries and its oral pronouncements at hearing, I join in the majority's decision to reverse the trial court's judgment and remand the cause as the safest way to avoid premature disclosure.