[Cite as *State v. Newton*, 2024-Ohio-402.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2023-T-0050** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the<br>Court of Common Pleas |
| SHANE NEWTON, | |
| Defendant-Appellant. | Trial Court No. 2022 CR 00679 |

**O P I N I O N**

Decided: February 5, 2024
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Gregory T. Stralka*, 6509 Brecksville Road, P.O. Box 31776, Cleveland, OH 44131 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Shane Newton, was convicted of two counts of Gross Sexual Imposition and one count of Rape and appeals. For the following reasons, Newton's convictions are affirmed.

{¶2} On September 1, 2022, the Trumbull County Grand Jury indicted Newton for Gross Sexual Imposition (Counts 1 and 2), felonies of the third degree in violation of R.C. 2907.05(A)(4) and (C)(2); and Rape (Counts 3 and 4), in violation of R.C. 2907.02(A)(1)(b) and (B), and R.C. 2971.03(B)(1)(b) and (c).

**{¶3}** From June 12 to 14, 2023, a jury trial was held. Newton was found guilty of both counts of Gross Sexual Imposition and Rape (Count 3) with the additional factual findings that the victim was less than ten years of age at the time of the offense and that Newton purposely compelled the victim to submit by force or threat of force. Newton was acquitted of Rape (Count 4).

**{¶4}** On July 11, 2023, the sentencing hearing was held. Newton was sentenced to concurrent sentences of sixty months in prison for Gross Sexual Imposition (Count 1), sixty months in prison for Gross Sexual Imposition (Count 2), and a minimum term of twenty-five years to a maximum term of life in prison for Rape (Count 3). The Entry on Sentence was issued on July 13.

**{¶5}** On July 20, 2023, Newton filed a Notice of Appeal. On appeal, Newton raises the following assignments of error:

> [1.] The trial court deprived the Appellant of his right to a fair trial when it denied a request for a transcript of the victim's grand jury testimony.

> [2.] The Appellant's constitutional right to effective assistance of counsel was violated when such counsel failed to renew a request for the grand jury transcript.

**{¶6}** "Grand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy." *State v. Greer*, 66 Ohio St.2d 139, 420 N.E.2d 982 (1981), paragraph two of the syllabus; Crim.R. 6(E). "Whether particularized need for disclosure of grand jury testimony is shown is a question of fact; but, generally, it is shown where from a consideration of all the surrounding circumstances it is probable that the

2

failure to disclose the testimony will deprive the defendant of a fair adjudication of the allegations placed in issue by the witness' trial testimony." *Greer* at paragraph three of the syllabus. "Disclosure of grand jury testimony * * * and the release of any such testimony for use prior to or during trial is within the discretion of the trial court." *Id.* at paragraph one of the syllabus.

{¶7} In the present case, counsel for Newton filed a pre-trial motion for the disclosure of the transcript of the proceedings before the grand jury based on speculation that "the Prosecutor used the Grand Jury to bring an overreaching prosecution by withholding substantial exculpatory evidence." The trial court inspected the transcript of the grand jury proceedings in-camera, found nothing exculpatory, and denied the motion.

{¶8} Prior to the commencement of trial, counsel for Newton made the following oral motion:

> In preparing for this trial, including * * * getting the transcript of what the victim said in the Child Advocacy Center interview, there is - - the defense has been provided no evidence of rape in this case. I think the State would agree that I do not have * * * any evidence, whether it be testimony or anything else, that a rape has occurred, either digital or vaginal. In the victim's interview, she shakes her head no when asked if anything was put inside of her. She never indicates that - - she never even says the word "penis" or talks about my client's genitalia. So I would ask at this point, because I have none of that evidence, that those two counts be dismissed.

{¶9} The trial court denied the motion, noting that "there was nothing that required or pointed the Court towards disclosing anything to the defendant at this time" and that would be the "continuing order as to [the] motion to dismiss * * * the rape charges."

3

{¶10} On appeal, Newton further elaborates that the police officer who took the victim's original statement only indicated that gross sexual imposition charges were warranted. "[S]omething convinced the grand jury that a rape charge was justified but it [was] not known, by the evidence received through discovery up to that time, what provided the foundation for such charges." Only at trial did the victim describe what happened to her as rape. "The most effective way to cross-examine the victim regarding this new disclosure would be to use her other, earlier statements, including the grand jury testimony." Appellant's Brief at 9.

{¶11} We find no abuse of discretion in the trial court's failure to disclose the victim's grand jury testimony as Newton failed to demonstrate a particularized need for that testimony. Contrary to the assertions on appeal, the grand jury testimony was not necessary to apprise Newton of the foundation of the rape charges. The bill of particulars issued to Newton describes the basis for Count 3 as "Defendant digitally penetrated the minor female's vaginal opening" and the basis for Count 4 as "Defendant engaged in vaginal intercourse with the minor female victim." Moreover, the medical records and expert report produced to Newton in discovery documented residual trauma to the victim's hymen that was deemed "confirmatory" of sexual abuse. Also, the victim's written notes to the police officer stated that Newton "touched [her] private parts multiple times" and "made [her] cry." While perhaps not sufficient by themselves to sustain a rape charge, the notes certainly corroborate the bill of particulars and the physical evidence. Any claim that the grand jury testimony was necessary to anticipate or prepare a defense to the victim's probable trial testimony is not convincing. *State v. Shadoan*, 4th Dist. Adams No. 03CA764, 2004-Ohio-1756, ¶ 30 (argument that appellant should have been allowed to

4

examine grand jury testimony to determine whether the victim testified consistently rejected where "[t]he bill of particulars is consistent with the victim's trial testimony"); *State v. Gillispie*, 2021-Ohio-4157, 181 N.E.3d 614, ¶ 20 (2d Dist.) ("grand-jury testimony is not properly disclosed to aid in general discovery").

{¶12} We further note that the sort of justifications for the disclosure of grand jury testimony suggested by Newton have been regularly rejected by the courts. To the extent that Newton suggests that the victim's grand jury testimony was used to elevate the charges ("bring an overreaching prosecution") beyond what was reported to the police and medical professionals, it has been deemed insufficient to demonstrate a particularized need for grand jury testimony. *State v. Benge*, 75 Ohio St.3d 136, 145, 661 N.E.2d 1019 (1996) ("[t]he fact that the grand jury indicted [the defendant] on elevated charges is not in and of itself a sufficient showing of a particularized need").

{¶13} "Additionally, Ohio courts have 'determined that a particularized need cannot be established on the basis of speculative pretrial allegations of potentially inconsistent testimony." (Citations omitted.) *State v. Richmond*, 8th Dist. Cuyahoga No. 96155, 2011-Ohio-6450, ¶ 24; *State v. Henness*, 79 Ohio St.3d 53, 62, 679 N.E.2d 686 (1997). Although "[i]mpeachment through material inconsistencies may be a proper basis for disclosure of grand jury testimony, * * * that purpose alone is not sufficient." *State v. Horger*, 170 Ohio App.3d 383, 2007-Ohio-665, 867 N.E.2d 466, ¶ 10 (5th Dist.). "[T]he particularized-need standard must still be met." *Id.* "When a defendant 'speculates that the grand jury testimony might have contained material evidence or might have aided his cross-examination * * * by revealing contradictions,' the trial court does not abuse its

discretion by finding the defendant had not shown a particularized need." (Citation omitted.) *State v. Mack*, 73 Ohio St.3d 502, 508, 653 N.E.2d 329 (1995).

{¶14} Here, the possibility of using the victim's grand jury testimony to impeach her was not only speculative but unlikely. The prior inconsistent statements would have been those made to the police and medical professionals which, Newton maintains, only supported gross sexual imposition charges, rather than her grand jury testimony. Inasmuch as the victim's grand jury testimony supported the rape charges, it would be consistent with her trial testimony.

{¶15} Finally, Newton urges this Court to adopt the guidelines established by federal law (the Jencks Act) whereby a witness' trial testimony shall be struck and/or a mistrial declared where the United States fails to produce statements made by the witness, including statements made to a grand jury, following the witness' direct examination. 18 U.S.C. 3500(d) and (e)(3). Inasmuch as the underlying case was not a "prosecution brought by the United States," the Jencks Act has no application. 18 U.S.C. 3500(a). Furthermore, "Ohio has not, by case law, adopted the rule embodied within the Jencks Act to the effect that grand jury proceedings must be made available to a defendant upon discovery proceedings." *Greer*, 66 Ohio St.2d at 148, 420 N.E.2d 982. We further note that, even under federal law, "[a] party seeking disclosure of grand jury material under Rule 6(e) of the Federal Rules of Criminal procedure must demonstrate a particularized need." *United States v. Dimora*, 836 F.Supp.2d 534, 552 (N.D.Ohio 2011); "To meet the particularized need standard, a party must establish that: (1) the material sought is necessary to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure outweighs the need for continued secrecy; and (3) the request is

6

structured narrowly to cover only the material needed." *United States v. Sinclair*, N.D.Ohio No. 4:15CR155, 2016 WL 199042, *10; *Dimora* at 553 ("general representations that the transcripts *may contain* relevant and/or exculpatory evidence * * * [are] insufficient to establish a particularized need for the transcripts").

{¶16} In sum, Newton has failed to establish a particularized need for the grand jury testimony or demonstrate that the nondisclosure of the grand jury transcripts precluded a fair adjudication of the issues at trial. *Compare State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 45 ("Lang's assertion that he did not know who testified during the grand jury or what they said provides no excuse for failing to establish a particularized need").

{¶17} The first assignment of error is without merit.

{¶18} In the second assignment of error, Newton raises a claim of ineffective assistance of counsel. "To prevail on this claim, [Newton] must show that counsel's performance was deficient and that a reasonable probability exists that but for counsel's errors, the result of the proceeding would have been different." *State v. Graham*, 164 Ohio St.3d 187, 2020-Ohio-6700, 172 N.E.3d 841, ¶ 24.

{¶19} Newton argues that trial counsel was ineffective by not renewing the request for grand jury transcripts following the victim's direct testimony, "[s]ince the Jencks Act allows for review of the transcript after the witness has testified." Appellant's Brief at 17. As explained under the first assignment of error, the Jencks Act does not apply to a state prosecution.

{¶20} The second assignment of error is without merit.

Case No. 2023-T-0050

{¶21} For the foregoing reasons, Newton's convictions are affirmed. Costs to be taxed against the appellant.


MARY JANE TRAPP, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2023-T-0050